THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER PORTER, Defendant-Appellant.

Second District    No. 2—92—1447

Opinion filed March 31, 1994.—Rehearing denied April 18, 1994.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE PECCARELLI delivered the opinion of the court:

On May 18, 1990, defendant, Christopher Porter, entered a negotiated plea of guilty to one count of first degree murder. On June 28, 1990, he was sentenced to a 50-year term of imprisonment. After the entry of the sentence, defendant filed a timely motion to vacate his guilty plea, but defense counsel did not file the required certificate of compliance pursuant to Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). Defendant's motion to vacate was denied, and he filed his first appeal in this court, requesting that we remand the cause to the trial court for proper compliance with Rule 604(d). *People v. Porter* (2d Dist. June 29, 1992), No. 2—90—0879 (unpublished order under Supreme Court Rule 23) (*Porter I*).

Following our prior decisions in *People v. Kendall* (1991), 213 Ill. App. 3d 782, and *People v. Dickerson* (1991), 212 Ill. App. 3d 168, this court reversed the judgment and remanded the cause for further proceedings. The controlling question in this appeal following a remand of the cause is whether the trial court complied with this court's prior mandate. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 309.) Thus, we examine our order and mandate in *Porter I* to see whether the trial court fully complied with our mandate in light of the views expressed in our order. Defendant argues that it was contrary to this court's order to hold an "abbreviated" hearing at which defense counsel merely filed his Rule 604(d) certificate; that a (more extensive) hearing should have been held on

the defendant's motion to withdraw his guilty plea; and that defendant should have been allowed to be present at such hearing. The State argues that the hearing was sufficient and concludes, with little elaboration or argument, that defendant's absence was not error.

We agree that the trial court did not fully comply with this court's prior order, and we remand the cause with directions.

The record reveals that, after this court's mandate issued, a hearing was held in the trial court on December 2, 1992, in which defense counsel appeared, but defendant was absent as he was in the custody of the Department of Corrections. There is no indication in the record that defendant received notice of the proceeding. The report of the proceedings shows that there appeared initially to have been some confusion regarding whether a new hearing was needed on the motion to vacate or whether defense counsel's filing of his Rule 604(d) certificate would suffice to comply with this court's order.

The trial court granted leave to file counsel's certificate of compliance. Counsel then stated, "I guess I'm asking basically to file that and then that all the evidence that was heard therein be considered; and again make that motion to withdraw the plea based upon the motion I previously filed." Counsel was sworn, and the court then ascertained that counsel had personal knowledge of the contents of the certificate. The court then stated, "Accept the certificate of merit verified here in open court by Mr. Fox [Defense Counsel]. I take it, you're renewing your request for filing of notice of appeal." When defense counsel assented, the court stated, "Record so show the filing of notice of appeal." Defense counsel replied, "I'm asking that notice be based on the fact we had a prior hearing and everything was brought forth in that hearing except I failed to file the certificate of merit before that hearing; but I had done everything necessary before that hearing but failed to specifically file the certificate under 604—d [sic]." The court then directed the clerk to file the notice of appeal and appointed the Appellate Defender to represent defendant. The entry in the common-law record for December 2, 1992, states among other things, "Oral motion by Defendant to withdraw plea of guilty. Said motion heard and denied." Based on our careful review of the record, we find that this rather perfunctory proceeding was both incomplete and defective. The after-the-fact procedure, absent the defendant, and the purported hearing preclude the defendant from contradicting the certificate if the defendant denies that counsel has reviewed the record and fully consulted with him.

In *Porter I*, this court noted that, when a defendant moves to withdraw his guilty plea and vacate the judgment, Rule 604(d)

requires that a defendant's attorney file with the trial court a certificate stating that the attorney has consulted with the defendant to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings. (134 Ill. 2d R. 604(d); *Porter I*, slip op. at 2.) *People v. Dickerson* (212 Ill. App. 3d 168) and succeeding decisions of this court have mandated strict compliance with Rule 604(d). (See, *e.g.*, *People v. Davis* (1994), 255 Ill. App. 3d 647, 648, citing *People v. Ramage* (1992), 229 Ill. App. 3d 1027, and *People v. Kendall* (1991), 213 Ill. App. 3d 782, 786.) Since compliance with the rule is mandatory, when counsel fails to comply, the judgment must be reversed and the cause remanded for a *rehearing* on the motion. *Porter I*, slip op. at 2, citing *Dickerson*, 212 Ill. App. 3d at 171.

In *Porter I*, we also pointed out that the filing of a certificate is a condition precedent to the hearing of the motion (*Porter I*, slip op. at 3, citing *Dickerson*, 212 Ill. App. 3d at 171), and we stated that "an error occurred in the trial court because the motion was heard without the attorney filing the certificate required by Rule 604(d)" (*Porter I*, slip op. at 3-4).

In *People v. Kendall* (213 Ill. App. 3d 782), a case on which *Porter I* also relied, this court determined that the remedy for counsel's failure to comply with Rule 604(d) was to remand the cause to the trial court where the defendant would be allowed to file a *new* motion to withdraw his plea and would be allowed a hearing on the new motion. (213 Ill. App. 3d at 786.) More recently, after citing with approval the strict compliance rule of *Dickerson* and other decisions, our supreme court has now expressly ruled that "the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." (*People v. Janes* (1994), 158 Ill. 2d 27, 33; see *Davis*, 255 Ill. App. 3d at 648; *People v. Denson* (1993), 243 Ill. App. 3d 55, 62-63; *Ramage*, 229 Ill. App. 3d at 1031.) Thus, if there was any confusion regarding the interpretation of our prior mandate and order, we now specify that the above procedure is the one which is to take place in the circuit court in order to comply fully with our prior mandate.

In view of the *Janes* decision, we hasten to add that it was error for defense counsel and the trial court merely to rely on matters determined in defendant's prior hearing on his Rule 604(d) motion. Since the well-established rule is that the filing of the certificate is a condition precedent to a hearing on the motion to withdraw the plea

and vacate the judgment, the prior hearing is a nullity as it was tainted by the failure to follow the certification procedure. Thus, the parties and the court should not have relied on matters determined in the prior hearing on the Rule 604(d) motion. *Janes* now clearly approves of the procedure established in prior appellate decisions holding that the remedy when Rule 604(d) is not fully complied with is the filing of a new motion and a new hearing on the motion. As we explained in *Dickerson*, strict compliance with the Rule 604(d) requirements regarding defense counsel's duties is necessary because the procedure is "a simple, straightforward and *mandatory* procedure designed to insure that those duties are performed and, thus, that defendant's due process rights are protected." (Emphasis in original.) (*Dickerson*, 212 Ill. App. 3d at 171.) As our supreme court has explained, strict compliance with Rule 604(d) will prevent needless disputes on review over whether there has been substantial compliance with the Rule. *Janes*, 158 Ill. 2d at 35.

In the present case, since defendant will be afforded the opportunity to present a new motion, counsel will again have to certify that he has complied with the rule to preserve any of defendant's claims of error.

Finally, defendant complains that he did not have the opportunity to be present at the hearing on the motion. We find no indication in the record that this question was considered below. Since the question whether defendant is entitled to be present at the hearing could come up again on remand, we will briefly address it here. While a defendant has no absolute right to be present at a hearing on a motion to vacate a guilty plea, a defendant should be allowed to be present in appropriate circumstances. (See *People v. Ellis* (1980), 81 Ill. App. 3d 351, 353.) If the motion to vacate the guilty plea alleges facts outside the record or raises issues which may not be resolved without an evidentiary hearing, his presence should be required. (*Ellis*, 81 Ill. App. 3d at 353; see *People v. Brasseaux* (1993), 254 Ill. App. 3d 283.) Therefore, on remand, if defendant's Rule 604(d) motion alleges facts outside the record or raises issues which may not be resolved without an evidentiary hearing, defendant's presence should be required. We leave it to the trial court to determine this factual question on remand.

In sum, we conclude that the trial court failed to comply fully with this court's prior mandate and order. The cause must be remanded for further proceedings. Defendant shall be allowed to file a new motion to withdraw his guilty plea and vacate the judgment, and he shall be allowed a new hearing on the motion. The trial court shall require that defense counsel comply fully with Rule 604(d),

including the filing of a new certificate of compliance, before proceeding to a hearing on the motion, and this compliance shall be shown in the record. Furthermore, the trial court shall determine whether defendant's presence is required at the new hearing on the motion, and the court shall make this finding on the record.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

DOYLE and COLWELL, JJ., concur.