THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TAMELA K. OLIVER, Defendant-Appellant.

Second District   No. 2—94—0438

Opinion filed December 22, 1995.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael P. Bald, State's Attorney, of Freeport (William L. Browers, Cynthia N. Schneider, Deanne Morgan, and Robert J. Biderman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Tamela Oliver, appeals the circuit court's order denying her motion to withdraw her guilty plea. She contends that the

trial court proceedings following her prior appeal did not comply with this court's mandate.

Defendant pleaded guilty to one count of unlawful possession of a controlled substance (Ill. Rev. Stat. 1985, ch. 56¹/₂, par. 1402(b)). Briefly stated, the factual basis for the plea was that police responded to a report of a disturbance at the Silver Knights Club in Freeport. They saw defendant driving a car with three passengers away from the club. Upon seeing the police car one of the passengers, later identified as Kevin Stanfield, left defendant's car and ran through a field.

The police stopped defendant's car, but a search of defendant and her remaining passengers revealed nothing illegal. However, police searched the car and found a medicine bottle containing less than one-tenth of a gram of a white powder on the hump near the front seat. The white powder later tested positive for cocaine. Police also found a pipe of a kind often used for smoking marijuana.

Defense counsel told the court that he thought the State would have difficulty proving that defendant possessed the cocaine, but that his client still desired to plead guilty. After admonishing defendant, the court accepted the plea.

Defendant moved to withdraw the plea prior to sentencing. At the hearing, defendant testified that the cocaine belonged to Stanfield and that she did not know of its existence prior to the traffic stop. She had been living with Stanfield for the past four years, during which he had beaten her many times. Although he never made any explicit threats, she assumed that he expected her to take the blame for his offense.

Lori Guth, a passenger in the car, also testified that the cocaine was Stanfield's. Defendant's mother testified that she had spoken with Stanfield and he told her, "I will take my charges."

The court denied the motion. Pursuant to a plea agreement, the State recommended a sentence of two years' probation with credit for 26 days served in jail. The court imposed the agreed-upon sentence, as well as fines totalling $520. Defendant appealed. This court vacated the trial court's order because defense counsel had not filed a certificate pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). (*People v. Oliver* (2d Dist. 1992), No. 2—90—1033 (unpublished order under Supreme Court Rule 23) (*Oliver I*).) We remanded the cause to the trial court for further proceedings.

Following remand, the trial court granted numerous continuances. Finally, on January 10, 1994, defendant's new public defender filed a Rule 604(d) certificate. Defense counsel stated that he had no amendments to make to the previously filed motion, but that a prison

inmate (presumably Stanfield) had to be subpoenaed for the hearing. The court granted another continuance to allow defense counsel to secure the witness.

On April 8, 1994, defense counsel stated that he would stand on the previous motion. The State's Attorney stipulated that the testimony would be the same as at the prior hearing. The court again denied the motion, and defendant again appeals.

Relying on *People v. Porter* (1994), 258 Ill. App. 3d 200, defendant contends that the perfunctory proceedings which occurred after the remand failed to comply with this court's mandate to conduct a new hearing. Defendant further contends that, in order to do justice and avoid further proceedings, this court should simply reverse the trial court's order and allow defendant to withdraw her guilty plea. Alternatively, defendant contends that, even if she is not entitled to any other relief, she should receive a $130 credit against her fines for time spent in custody prior to sentencing. Our resolution of the first issue makes it unnecessary to consider defendant's other contentions.

■ Rule 604(d) requires that a defendant's attorney file with the trial court a certificate stating that the attorney has consulted with defendant to ascertain his or her contentions of error, has examined the court file and report of proceedings of the guilty plea, and has made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings. (*Porter*, 258 Ill. App. 3d at 202-03; 145 Ill. 2d R. 604(d).) Strict compliance with the rule is required. (*People v. Janes* (1994), 158 Ill. 2d 27, 33; *People v. Dickerson* (1991), 212 Ill. App. 3d 168, 171.) The supreme court has made clear that "the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33.

In *Porter*, this court vacated the order denying defendant's motion to withdraw his guilty plea and remanded the cause to the trial court because defense counsel had failed to comply with Rule 604(d). After this court's mandate issued, the trial court conducted a hearing, at which the court granted defense counsel leave to file his certificate of compliance. Counsel then stated, " 'I guess I'm asking basically to file that and then that all the evidence that was heard therein be considered; and again make that motion to withdraw the plea based upon the motion I previously filed.' " (*Porter*, 258 Ill. App. 3d at 202.) Based on this representation, the court ordered the clerk to file a notice of appeal and appointed the appellate defender to represent defendant. The entry in the common-law record stated, " 'Oral motion by Defendant to withdraw plea of guilty. Said motion heard and

denied.' " (*Porter*, 258 Ill. App. 3d at 202.) Defendant again appealed, and this court reversed, stating:

> "Based on our careful review of the record, we find that this rather perfunctory proceeding was both incomplete and defective. The after-the-fact procedure, absent the defendant, and the purported hearing preclude the defendant from contradicting the certificate if the defendant denies that counsel has reviewed the record and fully consulted with him." *Porter*, 258 Ill. App. 3d at 202.

The State contends that *Porter* is distinguishable from this case because, unlike Porter, defendant in the present case was present at the second hearing. Moreover, defense counsel did not state that he would "stand on" the testimony from the previous hearing, but "stipulated" that the testimony would be the same.

■ We find the State's purported distinctions unavailing. *Janes* requires a new motion and a new hearing after a remand for the failure to comply with Rule 604(d). Here, there was neither. Defense counsel simply renewed orally the previous motion and stated that the testimony would be the same. This did not comply with the supreme court's holding in *Janes* or this court's holding in *Porter*.

We do not hold that live testimony must be presented in every instance. Courts permit stipulated evidence in many contexts. However, in this case, no effort was made to restate for the court's benefit the evidence from the previous hearing, which occurred more than two years earlier, or to argue inferences from the evidence. The court and the parties clearly viewed the second hearing merely as a formality to facilitate review by this court of defendant's contentions.

Defendant's presence also did not validate the proceedings. The failure to file a new motion alone would be sufficient to render the second hearing nugatory. In any event, there is no indication that defendant was aware of the provisions of Rule 604(d) or knew that she had a right to contest defense counsel's averments. The proceedings below were defective, and the cause must again be remanded.

We are aware of the frustration and waste of judicial resources that occur when cases are continually remanded because of defense counsel's failure to comply with Rule 604(d). However, the rule safeguards important rights which may not be sacrificed for the sake of efficiency. In *Janes*, the supreme court implicitly held that the proceedings below were fundamentally flawed, not merely void due to a technicality. Rule 604(d) would quickly be rendered an empty formality if fundamentally flawed proceedings could be validated retroactively in the manner attempted here.

Although the rule places the primary responsibility for compliance upon defense counsel, trial courts and prosecutors must also

take steps to ensure that the rule is followed. We reiterate our statement that "it is incumbent on the trial court to insist that defense counsel comply with the certification requirement before allowing a hearing on the motion." (*People v. Davis* (1994), 255 Ill. App. 3d 647, 649.) In a roughly analogous situation, many trial judges routinely insist on seeing a written jury waiver before conducting a bench trial in a criminal case. By similarly requesting to see a Rule 604(d) certificate prior to conducting a hearing on a motion to withdraw a guilty plea or to reconsider a sentence, courts can ensure that valuable judicial resources will not be wasted by needlessly conducting duplicative hearings. Similarly, prosecutors can, in a matter of seconds, check the court file and bring any omissions to the court's attention.

Defendant suggests that, to avoid another hearing, this court simply determine the merits of her motion. We decline to do so. The determination of defendant's motion involves the resolution of factual questions which is for the trial court in the first instance. "The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea." *People v. Wilk* (1988), 124 Ill. 2d 93, 104.

Defendant also contends that she is entitled to a credit of $130 toward her fines. Since this matter is being remanded, we need not consider this issue. We would, however, caution counsel to carefully review the statutory authority before this matter is again concluded in the trial court. See 725 ILCS 5/110—14 (West 1994).

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded with directions that (1) defendant be allowed to file a new motion to withdraw her guilty plea; (2) defendant be allowed to have a new hearing on that motion; and (3) counsel comply with Supreme Court Rule 604(d).

Reversed and remanded with directions.

DOYLE and THOMAS, JJ., concur.