THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES CAMERON, Defendant-Appellant.

First District (6th Division)   No. 1—95—3461

Opinion filed January 17, 1997.—Rehearing denied February 19, 1997.

Michael J. Pelletier and Patricia Unsinn, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and Bette Plass, Assistant State's Attorneys, of counsel), for the People.

JUSTICE ZWICK delivered the opinion of the court:

Defendant James Cameron appeals from an order of the circuit court of Cook County denying his second motion to vacate his guilty plea. Defendant appealed the denial of his first motion to vacate his guilty plea and this court reversed and remanded for further proceedings. *People v. Cameron*, Nos. 1—93—0727, 1—93—0800 cons. (1995) (unpublished order under Supreme Court Rule 23). Defendant contends that upon remand the trial court held a perfunctory hear-

ing that failed to comply with this court's mandate, the requirements of *People v. Janes*, 158 Ill. 2d 27 (1994), and Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)).

The record indicates that on the first court date following the remand, the trial court advised defense counsel that the case was remanded only because he had not filed a Rule 604(d) certificate. Counsel then filed a Rule 604(d) certificate that clearly described his actions with respect to defendant's contentions of error in the prior appeal. Although the certificate was dated September 7, 1995, a date after the remandment, defense counsel told the court that he was in fact tendering the original Rule 604(d) certificate. The court then set the matter over for a date "to writ out the defendant so [defense counsel] can talk to him and see how we're going to proceed after that." On the following court date, defendant was present. Defense counsel told the court that he had asked defendant whether he had anything further to present and defendant responded that he did not. As a result, defendant agreed to stipulate that all the proceedings heard originally would be the proceedings on which he would base his motion to withdraw his plea. The trial court then asked defendant if this was his agreement and defendant responded that it was. The trial court took a recess to review the transcripts. When court resumed, the judge announced that he had reviewed all of the transcripts, specifically remembered the case and was going to reenter the same ruling, stating:

"I'm in agreement with that ruling, and I'm going to reenter that ruling at this point and time, and I'm going to read that ruling into the record because I believe everything I've said in here was a correct assessment of the testimony heard."

The court then proceeded to read into the record its prior decision in its entirety.

Defendant asserts that, contrary to the mandate in *Janes*, after the case was remanded, the trial court allowed defense counsel merely to stipulate to all of the proceedings that had occurred prior to the appeal instead of requiring him to file a new motion to vacate the guilty plea or conducting a new hearing. Defendant further asserts that although defense counsel filed a new certificate in compliance with Supreme Court Rule 604(d), the certificate was deficient in that it attested to counsel's discharge of his responsibilities prior to the appeal instead of the responsibilities that accrued after the matter was remanded. Citing *People v. Porter*, 258 Ill. App. 3d 200, 203 (1994), defendant contends that both the trial court and counsel improperly treated the remand simply as an opportunity to supply the missing certificate and because the original motion and hearing

were "nullities," his case must again be reversed and remanded for the filing of a new motion and for a new hearing on the motion.

■ In *Janes*, the supreme court stated:

"[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea *** and a new hearing on the motion." *Janes*, 158 Ill. 2d at 33.

In view of the *Janes* decision, the court in *Porter* stated:

"[I]t was error for defense counsel and the trial court merely to rely on matters determined in defendant's prior hearing on his Rule 604(d) motion. Since the well-established rule is that the filing of the certificate is a condition precedent to a hearing on the motion to withdraw the plea and vacate the judgment, the prior hearing is a nullity as it was tainted by the failure to follow the certification procedure. Thus, the parties and the court should not have relied on matters determined in the prior hearing on the Rule 604(d) motion." *Porter*, 258 Ill. App. 3d at 203-04.

■ In the case at bar, although the record clearly indicates that after remand defense counsel tendered his original Rule 604(d) certificate to the trial court, we find no error in the court's acceptance of the certificate as long as the court complied with the mandates of *Janes* and *Porter*. Defendant argues that the only way that the trial court could have complied with *Janes* and *Porter* was to have conducted a new hearing and that the court's review of the evidence presented at the prior hearing can never be considered a "new" hearing. However, we disagree.

In *Porter*, the defendant was not present in court for the second hearing to stipulate to the manner in which the new hearing was to proceed, nor did the trial court review the transcripts of the prior hearing. Instead, the trial court simply reentered its original order and directed the clerk to file the notice of appeal.

Here, the defendant was present in the courtroom and stipulated to all of the proceedings that had occurred prior to the appeal. The trial judge then reviewed the evidence presented in the prior hearing and stated for the record that he had read all of the transcripts and personally remembered the hearing. He then stated that he believed that his prior decision was a correct assessment of the testimony heard and reentered the same ruling by reading it verbatim into the record.

Citing *People v. Oliver*, 276 Ill. App. 3d 929 (1995), defendant asserts that his presence in the courtroom was irrelevant and that a stipulated hearing is insufficient under all circumstances. However, the *Oliver* court specifically stated that its decision was not based on

the fact that the testimony was stipulated, but on the fact that no effort was made to restate the evidence from the previous hearing for the trial court's benefit before it rendered its decision. *Oliver*, 276 Ill. App. 3d at 932.

Defendant appears to assert that even if the parties agreed that there was no new evidence to present, *Oliver* and *Porter* mandated the trial court to conduct a new hearing. However, defendant does not advise us as to what new evidence he would have presented or in what manner the new hearing would have proceeded differently. It is a basic legal tenet that the law never requires the performance of a useless or futile act (*Wilmette Partners v. Hamel*, 230 Ill. App. 3d 248, 260 (1992)), and we will not require such an act of the trial court.

Accordingly, we find that the trial court did not merely rely on matters that were determined in defendant's prior hearing but in fact made a new determination after reviewing all of the evidence from the prior hearing. Defendant has made no challenge to the sufficiency of that evidence and we find no error in the trial court's determination.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

THEIS and QUINN, JJ., concur.