4 May 2000

No. 2--98--1645

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Winnebago County.

)

Plaintiff-Appellee, )

) No. 96--CF--2738

v. ) 

) 

ANDRE L. WHITMORE, ) Honorable

) K. Craig Peterson,

Defendant-Appellant.  ) Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Andre L. Whitmore, appeals the trial court's denial of his motion to withdraw his guilty plea.  He argues that (1) the proceedings on his motion did not comply with this court's mandate following his prior appeal, and, alternatively, that (2) he is entitled to an additional day of credit against his sentence.  We disagree with his first contention, agree with his second, and affirm the judgment as modified.

Pursuant to a partially negotiated plea agreement, defendant pleaded guilty to one count of armed robbery (720 ILCS 5/18--2(a) (West 1996)).  He moved to withdraw his plea.  After an evidentiary hearing, the trial court denied the motion and, in accordance with the plea agreement, sentenced defendant to 8 years' imprisonment with credit for 207 days already served.  Defendant moved to reconsider his sentence, and the court denied that motion as well.

On appeal, we found error in the trial court's admonishments under Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)).  Therefore, we remanded the cause with directions to provide proper admonishments; allow defendant to file, pursuant to Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)), a new motion to withdraw his guilty plea; and hold a hearing thereon.  
People v. Whitmore
, No. 2--97--0568 (1998) (unpublished order under Supreme Court Rule 23).

On remand, the trial court provided new admonishments, and defendant filed a new motion to withdraw his guilty plea.  At the hearing on the motion, the following exchange occurred:

"THE COURT: Earlier this week Mr. Braun [defense counsel] *** gave to me the transcripts of Mr. Whitmore's case, including *** the initial Motion to Withdraw his plea of guilty ***. *** With that being said, Mr. Braun, do you have any testimony to present?

MR. BRAUN: Not at this time, Judge. *** I have reviewed with [defendant] the transcript that you made reference to, specifically the whole report of proceedings that [was] prepared for the appeal that was previously filed. *** [B]ased upon my discussions with him we would be willing to *** stipulate that if we were to re-conduct the motion to withdraw the guilty plea *** we would stipulate to the previous testimony *** and the previous arguments ***.

THE COURT: Mr. Yarbrough [assistant State's Attorney]?

MR. YARBROUGH: That's agreed, [Y]our Honor.

THE COURT: All right.  Having reviewed the transcripts, the Motion *** is heard and denied.  I believe the Defendant was properly admonished of his rights, that he knowingly and intelligently and voluntarily waived his rights to trial, fully understood and acknowledged the advisements that I gave him under [Supreme Court] Rule 402 [(177 Ill. 2d R. 402)] *** and the Motion is heard and denied."

Defendant timely appealed.

Defendant argues that the proceedings on remand were so perfunctory that they failed to comply with our directions to hold a new hearing on a new motion.  He claims that our decisions in 
People v. Porter
, 258 Ill. App. 3d 200 (1994), and 
People v. Oliver
, 276 Ill. App. 3d 929 (1995), require us to remand this cause once again.  We find both cases distinguishable.

In 
Porter
, we vacated the trial court's denial of the defendant's motion to withdraw his guilty plea because defense counsel had failed to file a certificate of compliance with Rule 604(d).  After we remanded the cause for a new motion and hearing, defense counsel told the trial court: " 'I guess I'm asking basically to file [a Rule 604(d) certificate] and then that all the evidence that was heard therein be considered; and again make that motion to withdraw the plea based upon the motion I previously filed.' "  
Porter
, 258 Ill. App. 3d at 202.  Counsel then requested the filing of a notice of appeal, as " 'we had a prior hearing and everything was brought forth in that hearing except I failed to file the certificate.' "  
Porter
, 258 Ill. App. 3d at 202.  

The court ordered the clerk to file a notice of appeal, and the common-law record stated, " 'Oral motion by Defendant to withdraw plea of guilty.  Said motion heard and denied.' "  
Porter
, 258 Ill. App. 3d at 202.  On appeal, we held that "this rather perfunctory proceeding was both incomplete and defective" and remanded the cause for another new motion and hearing.  
Porter
, 258 Ill. App. 3d at 202-03.

In 
Oliver
, we again vacated the trial court's denial of the defendant's motion to withdraw her guilty plea because her attorney had failed to file a Rule 604(d) certificate.  On remand, counsel filed the certificate and stated that he would stand on the prior motion.  The parties stipulated that the testimony presented at the prior hearing would be repeated at the current hearing.  The court denied the motion.  
Oliver
, 276 Ill. App. 3d at 930-31.

On appeal, we held that the court failed to comply with our mandate because a new motion was not filed and a new hearing did not occur.  We explained:

"We do not hold that live testimony must be presented in every instance.  Courts permit stipulated evidence in many contexts.  However, in this case, no effort was made to restate for the court's benefit the evidence from the previous hearing, which occurred more than two years earlier, or to argue inferences from the evidence.  The court and the parties clearly viewed the second hearing merely as a formality to facilitate review by this court of defendant's contentions."  
Oliver
, 276 Ill. App. 3d at 932.

Again, we remanded the cause for a new motion and hearing.

In this case, unlike in 
Porter
 and 
Oliver
, defense counsel filed a new motion on remand; he did not simply renew the prior motion orally.  Furthermore, although he made essentially the same stipulation that was made in 
Oliver
, this hearing nevertheless was fundamentally different.  

In 
Oliver
, defense counsel sought and received merely a blind denial of his motion.  His goal was no greater than the formal satisfaction of Rule 604(d), and he accordingly made no effort to revisit the issues that he raised in his motion.  Here, however, by tendering to the court the transcript of the prior hearing, defense counsel ensured that the court was able to 
review
 the evidence.  The court then read the transcript and, based upon it, entered a new (though identical) resolution of the merits of the motion.  Thus, whereas no hearing on the merits occurred upon remand in 
Oliver
 or 
Porter
, this hearing 
did
 produce a disposition on the merits, only by way of stipulated evidence.  We implied in 
Oliver
 that we would find such a hearing sufficient, and now we do so.

We note that, in 
People v. Cameron
, 286 Ill. App. 3d 541 (1997), the Appellate Court, First District, made the same distinction on facts very similar to these.  There, the appellate court vacated the trial court's denial of the defendant's motion to withdraw his guilty plea and remanded the cause for a new motion and hearing.  On remand, the defendant stipulated that the hearing on a second motion would feature only the evidence that was presented on the first motion.  The court reviewed the transcript of the prior hearing, stated that its prior ruling was correct, and reentered its denial of the defendant's motion.  
Cameron
, 286 Ill. App. 3d at 542.  

Noting that 
Oliver
 did not hold otherwise, the first district validated the new hearing because "the trial court did not merely rely on matters that were determined in defendant's prior hearing but in fact made a new determination after reviewing all of the evidence from the prior hearing."  
Cameron
, 286 Ill. App. 3d at 544.  The same conclusion is warranted here.

In sum, defense counsel filed a new motion, and the hearing thereon was a hearing on the merits rather than a mere formality. These proceedings complied with our mandate.  Because defendant does not challenge the substance of the trial court's ruling, we affirm it.  See 
Cameron
, 286 Ill. App. 3d at 544.

We now address defendant's argument that he is entitled to an additional day of sentence credit.  A defendant has a right to one day of credit for each day (or portion thereof) that he spends in custody prior to sentencing.  See 730 ILCS 5/5--8--7(b) (West 1998); 
People v. Dominguez
, 255 Ill. App. 3d 995, 1005 (1994).  On that basis, defendant claims that he deserves 208 days' credit, rather than the 207 days' credit that the trial court awarded him.  The record confirms the error, and the State acknowledges it.  However, the State argues that defendant waived the issue when he explicitly agreed that the court's award was proper.  We disagree.

Because sentence credit for time served is mandatory, a claim of error in the calculation of that credit cannot be waived.  See 
People v. Woodard
, 175 Ill. 2d 435, 457 (1997), citing 
People v. Donnelly
, 226 Ill. App. 3d 771 (1992).  Even a defendant's  affirmative agreement with the trial court's erroneous award does not render the issue unreviewable.  
People v. Washington
, 297 Ill. App. 3d 790, 796 (1998).  Therefore, we modify the mittimus to grant defendant 208 days' credit against his sentence, and we affirm the judgment as so modified.

For these reasons, the judgment of the circuit court of Winnebago County is affirmed as modified.

Affirmed as modified.

RAPP and GALASSO, JJ., concur.