# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Tejada-Soto*, 2012 IL App (2d) 110188

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUIS A. TEJADA-SOTO, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0188 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | December 30, 2011<br><br>February 15, 2012<br>February 15, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order denying defendant's motion to withdraw his negotiated guilty plea to attempted first-degree murder and to vacate his conviction was affirmed over defendant's contention that when his earlier motion to withdraw his plea was vacated and the cause was remanded with directions to give defendant an opportunity to file a new motion to withdraw his plea, he received only a "perfunctory" hearing on the new motion and did not receive a "new hearing" as contemplated by the appellate court, since the proper standard for determining fairness under the circumstances is the one set forth in *Strickland* for evaluating claims of ineffective assistance of counsel, and in defendant's case, there was no showing of a reasonable probability that the outcome would have been different if defendant's counsel had called as a witness the interpreter who was involved in the discussions between defendant and his prior counsel. |

| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 07-CF-394; the Hon. Theodore S. Potkonjak, Judge, presiding. |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Dev A. Parikh, of State Appellate Defender's Office, of Elgin, for appellant. |
| | Michael J. Waller, State's Attorney, of Waukegan (Stephen E. Norris and Jennifer Camden, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE BURKE delivered the judgment of the court, with opinion. Justices McLaren and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Luis A. Tejada-Soto, appeals from an order denying his motion to withdraw his negotiated plea of guilty to a single count of attempted first-degree murder and to vacate the judgment of conviction. The trial court had previously denied a motion by defendant to withdraw his guilty plea, but we vacated the trial court's order and remanded with directions that defendant be given the opportunity to file a new motion to withdraw his plea. *People v. Tejada-Soto*, No. 2-09-0715 (2010) (unpublished order under Supreme Court Rule 23) (*Tejada-Soto I*). Defendant argues that a further remand is necessary because he received only a "perfunctory" hearing on the new motion. We affirm.

¶ 2     On May 14, 2008, defendant's attorney, Martin Shaffer, conferred with the prosecutor and the trial court pursuant to Illinois Supreme Court Rule 402(d)(2) (eff. July 1, 1997) to discuss a possible plea agreement, but no agreement was reached on that date. Defendant's trial was ultimately set for June 27, 2008. The prosecutor advised the trial court that he had received an e-mail from Shaffer indicating that defendant was willing to enter into a plea agreement on terms offered by the State. Defendant, however, had decided to proceed with trial. Shaffer indicated that he was ready to proceed, but certain witnesses who had been subpoenaed for trial were not present. A recess was taken so that the trial court could attend to other cases. When the matter resumed, the parties indicated that an agreement had been reached, pursuant to which defendant would plead guilty pursuant to *North Carolina v.*

*Alford*, 400 U.S. 25 (1970), in exchange for the State's promise that his sentence would not exceed 16 years' imprisonment. The trial court accepted defendant's plea, and on August 27, 2008, the trial court sentenced defendant to a 14-year prison term.

¶ 3　　Defendant moved to reconsider his sentence. At a hearing held in connection with the motion, defendant advised the trial court that he had not been satisfied with Shaffer's performance as his attorney. The trial court appointed a different attorney, Michael Nerheim, to represent defendant in connection with his motion. Nerheim moved to withdraw defendant's guilty plea, and the trial court held an evidentiary hearing on the motion. Defendant testified that, at some point following the Rule 402(d)(2) conference, Shaffer indicated that defendant had three options: "[t]o obtain what the State was offering, to go with the judge, or go to trial." Defendant advised Shaffer that he wanted to "declare" himself guilty. However, on the day of trial, defendant told Shaffer that he no longer wanted to plead guilty. Shaffer gave defendant a written trial waiver to review, but defendant indicated that he wanted to proceed with the trial. Shaffer got upset. Defendant testified, "[Shaffer] told me to do what was more convenient; and for him it would not be to go to trial. So we were one hour or more back and forth–arguing about the case because I told him I wanted a trial." Throughout the meeting, Shaffer pressured defendant to plead guilty. Shaffer said that it was "best" that defendant sign the trial waiver, but defendant did not want to "declare" himself guilty. According to defendant, Shaffer did not explain the trial waiver form to him. Ultimately he signed the form because Shaffer told him to do so. Defendant did not know what was going to happen after he signed the form. He signed it because he thought he had no other option. Shaffer told defendant that he anticipated that defendant would be sentenced to a 10-year prison term. Defendant testified that, prior to pleading guilty, he had been in custody since September 2007 and Shaffer had visited him three or four times. Those visits were brief.

¶ 4　　Shaffer testified that he met with defendant 10 to 12 times, including video conferences on certain occasions when defendant was in a holding area at the courthouse. Shaffer discussed possible defenses with defendant and they concluded that the best possible defense was to persuade the trier of fact that there was reasonable doubt as to whether defendant acted with the specific intent to kill. Shaffer testified, however, that defendant was never averse to entering a guilty plea. According to Shaffer, "[t]he issue was always the length of the sentence with [defendant] *** and there was definitely 'push back,'–I'll call it that–from [defendant] about the sentence that was involved; but not about accepting responsibility." However, at some point after the Rule 402(d)(2) conference, defendant indicated that he wanted to proceed to trial, and Shaffer was prepared to try the case. Shaffer denied that he ever told defendant that he thought he would receive a 10-year prison term if he pleaded guilty. On the day of trial, Shaffer and Blanca Bedolla, a Spanish-language interpreter, engaged in a video conference with defendant. Shaffer never pressured defendant to enter a guilty plea. Although Shaffer never told defendant that it would be convenient if he pleaded guilty, Shaffer probably described an *Alford* plea as a plea of convenience. He explained to defendant that an *Alford* plea involves an acknowledgment of the sufficiency of the evidence to sustain a conviction, but not a personal acknowledgment of guilt.

¶ 5　　After Shaffer completed his testimony, the parties entered into the following stipulation:

"Blanca Bedolla is a Spanish interpreter employed by the Office of the Public Defender. Ms. Bedolla would testify that she acted as an interpreter for meetings between the defendant and Martin Shaffer, the defendant's attorney. Ms. Bedolla would testify that she is unable to recall the specifics of the conversations between Mr. Shaffer and the defendant, but that at all times she attempted to accurately translate Spanish to English and English to Spanish to the best of her abilities."

¶ 6 The trial court denied the motion, but in *Tejada-Soto I*, we vacated the denial because Nerheim had failed to properly certify compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) and because the trial court had failed to properly admonish defendant pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). We remanded the cause to the trial court with the following directions:

"The trial court shall admonish defendant in strict compliance with Rule 605(c). If he so chooses, defendant shall file within 30 days thereafter a new, properly certified motion to withdraw his plea. If defendant files such a motion, the trial court shall promptly conduct a new hearing in accordance with Rule 604(d)." *Tejada-Soto I*, slip order at 2.

¶ 7 On remand, the trial court appointed attorney Deborah Menas to represent defendant. She filed a new motion to withdraw defendant's guilty plea and vacate the judgment. At the hearing on the motion, Menas asked the trial court to take judicial notice of the testimony at the hearing on the motion filed by Nerheim to withdraw defendant's plea. Menas then argued that defendant should be allowed to withdraw his plea because he had testified that Shaffer had only a few quick meetings with him and that Shaffer had pressured him to enter a guilty plea and told him he would be sentenced to only 10 years' imprisonment. Menas contended that, when Shaffer described an *Alford* plea as a "plea of convenience," defendant, who required the assistance of an interpreter, "understood this to mean that he needed to plead guilty for convenience sake." Menas also argued that defendant "did not think he had any other option at that point when he was speaking with Mr. Shaffer other than to sign a trial waiver and plead guilty."

¶ 8 In denying the motion, the trial court noted that it "had the opportunity to review the file in its entirety, to review the transcripts." The court also noted that it had a "vivid recollection" of the case, particularly of certain photographs of the victim that the court felt would have been given significant weight at sentencing. The court concluded that Shaffer advised defendant to enter a negotiated plea because it was likely that, if the matter had proceeded to trial, defendant would have received a sentence significantly longer than the 14-year prison term imposed following entry of the guilty plea.

¶ 9 Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) provides, in pertinent part, as follows:

"No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or

charges then pending. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

A failure to file the appropriate motion requires dismissal of an appeal from a conviction on a plea of guilty. *People v. Wilk*, 124 Ill. 2d 93 (1988). In *People v. Janes*, 158 Ill. 2d 27 (1994), our supreme court held that the proper remedy where there is a failure to comply with Rule 604(d)'s *other* requirements "is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Id.* at 33.

¶ 10   Defendant argues that the proceedings on remand following *Tejada-Soto I* did not comply with *Janes* and with this court's mandate. As noted, in *Tejada-Soto I* this court remanded with directions that defendant be allowed to file a new motion to withdraw his guilty plea. This court directed the trial court to "promptly conduct a new hearing in accordance with Rule 604(d)" (*Tejada-Soto I*, slip order at 2) if defendant chose to file a new motion to withdraw his guilty plea. Defendant maintains that, because his attorney relied solely on evidence presented at the prior hearing on his original motion to withdraw, he did not receive a "new hearing" as contemplated by this court in *Tejada-Soto I*. *Id.*

¶ 11   In support of his argument, defendant relies heavily on this court's decisions in *People v. Porter*, 258 Ill. App. 3d 200 (1994), and *People v. Oliver*, 276 Ill. App. 3d 929 (1995). In both cases, this court had previously remanded for proceedings in conformity with Rule 604(d) because the defendants' attorneys had failed to file certificates of compliance with that rule. In *Porter*, the defendant was not present at the hearing that took place on remand. Addressing the trial court, the defendant's attorney stated, " 'I guess I'm asking basically to file [a Rule 604(d) certificate] and then that all the evidence that was heard therein be considered; and again make that motion to withdraw the plea based upon the motion I previously filed.' " *Porter*, 258 Ill. App. 3d at 202. After ascertaining that the defendant's attorney had personal knowledge of the contents of the Rule 604(d) certificate, the trial court said to the defendant's attorney, " 'I take it, you're renewing your request for filing of notice of appeal.' " *Id.* The defendant's attorney indicated that he was and added, " 'I'm asking that notice be based on the fact we had a prior hearing and everything was brought forth in that hearing except I failed to file the [Rule 604(d)] certificate *** before that hearing; but I had done everything necessary before that hearing but failed to specifically file the certificate under 604-d [*sic*].' " *Id.* This court concluded that "this rather perfunctory proceeding was both incomplete and defective." *Id.* This court explained that it was improper to rely "on matters determined in the prior hearing" because, absent proper certification under Rule 604(d), the prior hearing was a "nullity." *Id.* at 204.

¶ 12   Similarly, in *Oliver*, this court held that the defendant did not receive a proper hearing on remand, inasmuch as "[d]efense counsel simply renewed orally the previous motion and stated that the testimony would be the same." *Oliver*, 276 Ill. App. 3d at 932. Significantly, however, this court emphasized that it was not holding "that live testimony must be

presented in every instance." *Id.* This court explained:

> "Courts permit stipulated evidence in many contexts. However, in this case, no effort was made to restate for the court's benefit the evidence from the previous hearing, which occurred more than two years earlier, or to argue inferences from the evidence. *The court and the parties clearly viewed the second hearing merely as a formality to facilitate review by this court of defendant's contentions.*" (Emphasis added.) *Id.*

¶ 13 Subsequently, in *People v. Whitmore*, 313 Ill. App. 3d 117 (2000), this court seized upon this passage from *Oliver* in holding that, on remand for compliance with Rule 604(d), the defendant received a proper hearing on his new motion to withdraw his plea, even though (1) the parties stipulated that, if they were to " 're-conduct' " (*id.* at 118) the motion to withdraw, the evidence and argument would be the same and (2) the defendant's attorney offered no additional evidence or argument. Prior to the hearing on remand in *Whitmore*, the defendant's attorney had provided the trial court with a transcript of the earlier hearing on the original motion and, before ruling on the new motion, the court expressly stated that it had reviewed the transcript. *Id.* As a result, this court concluded that the hearing "produce[d] a disposition on the merits." *Id.* at 120. In contrast, counsel's goal in *Oliver* "was no greater than the formal satisfaction of Rule 604(d), and he accordingly made no effort to revisit the issues that he raised in his motion." *Id.*

¶ 14 Collectively, *Porter*, *Oliver*, and *Whitmore* teach that a defendant seeking to withdraw his plea is entitled to a hearing that is *meaningful*, but only in the very limited sense that it is not a mere charade performed for the purpose of reinstating an appeal. Here, as in *Whitmore*, the record shows that the hearing was not this sort of purely formal exercise. Defendant's new attorney not only submitted a new motion, but offered argument on the motion that referred to defendant's testimony at the prior hearing. Moreover, the trial court indicated that it "had the opportunity to review the file in its entirety, to review the transcripts." The court also explained in some detail the basis for its ruling on the motion filed by defendant's new attorney.

¶ 15 Defendant nonetheless maintains that the hearing was inadequate because counsel failed to call Bedolla as a witness to testify to what Shaffer had told defendant about the plea negotiations with the State and to how she had translated Shaffer's words. In particular, defendant suggests that Bedolla's testimony could have substantiated the argument that defendant misunderstood Shaffer's explanation of an *Alford* plea to mean that defendant's guilty plea was for *Shaffer*'s convenience. Defendant acknowledges that, at the hearing on his original Rule 604(d) motion, his then-attorney (Nerheim) stipulated that Bedolla had no specific recollection of the conversations she translated. However, defendant argues that calling Bedolla to testify was counsel's only hope of obtaining a different result than Nerheim did.

¶ 16 Be that as it may, the failure to call Bedolla as a witness does not put this case in the same category as cases like *Porter* and *Oliver*, in which, for all practical purposes, no hearing occurred on remand. It cannot be gainsaid that counsel's failure to call a particular witness cannot be grounds for a further remand absent some showing that the failure resulted in an unfair hearing on a Rule 604(d) motion. Accord *People v. Shirley*, 181 Ill. 2d 359, 369

(1998) ("Where, as here, the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so."). In our view, the proper standard for determining fairness in this setting is the one set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for evaluating claims of ineffective assistance of counsel. The *Strickland* standard is appropriate here because a challenge to counsel's performance underlies defendant's argument and because "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" (*id.* at 686). Thus, the *Strickland* standard is designed to determine whether an alleged error by counsel has compromised the fairness of a criminal proceeding. That is precisely what is at issue here. We hasten to add, however, that not every challenge to the sufficiency of proceedings on remand for compliance with Rule 604(d) will call for application of the *Strickland* test. The *Strickland* test is applicable here because: (1) the hearing on remand was not conducted as a purely formal exercise designed to facilitate reinstatement of the previously dismissed appeal; (2) there is no claim that, on remand, counsel failed to comply with any of the specific requirements of Rule 604(d); and (3) the type of error alleged here–the failure to call a particular witness to testify–has traditionally been analyzed with reference to the *Strickland* standard.

¶ 17        To establish a violation of the right to effective assistance of counsel, the defendant must affirmatively prove prejudice (*id.* at 693) by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at 694). Defendant cannot show that the outcome of the hearing on his motion to withdraw would have been different if Bedolla had testified. Even if (contrary to the stipulation at the hearing on defendant's original motion) Bedolla recalled the conversations in which she acted as an interpreter, it is a matter of pure speculation whether any testimony she might have provided would have been helpful to defendant. Although defendant acknowledges that it is possible only to speculate about what testimony Bedolla would have given, he nonetheless insists that a remand for yet another hearing is necessary. However, to grant the relief defendant seeks would effectively carve out an exception–applicable only in postplea proceedings under Rule 604(d)–to *Strickland*'s prejudice requirement. There is no reason why a defendant who challenges a guilty plea (or a sentence imposed as a result of a guilty plea) should be able to gain this advantage simply by recasting any claim of attorney error as a violation of the holding of *Janes* and Rule 604(d)'s strict compliance standard.

¶ 18        For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 19        Affirmed.