NOTICE
Decision filed 04/17/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190264-U

NO. 5-19-0264

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 09-CF-1299 |
| | ) | |
| MICHAEL WILLIAMS, | ) | Honorable |
| | ) | John J. O'Gara, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1 *Held*: The trial court's denial of the defendant's amended motion to withdraw guilty plea is affirmed where the remand hearing on the motion resulted in a *de novo* judgment on the merits.

¶ 2 The defendant, Michael Williams, appeals from the trial court's judgment denying his amended motion to withdraw guilty plea. For the reasons that follow, we affirm.

¶ 3 BACKGROUND

¶ 4 In November 2009, the defendant was charged by complaint with two counts of armed robbery (720 ILCS 5/18-2(a)(4) (West 2008)) and two counts of aggravated battery with a firearm (*id.* § 12-4.2(a)(1)). The charges stemmed from an incident during

1

which the defendant and an accomplice both shot and injured a Cahokia man after stealing his wallet. During the ensuing investigation, the victim identified the defendant from a photo array, and identification cards belonging to the victim were found in the defendant's apartment. The defendant also told his girlfriend about the incident "hours after it happened."

¶ 5     In June 2010, the defendant filed a motion to suppress the victim's identification and a motion to suppress the victim's identification cards. Both motions were subsequently denied following hearings. In October 2010, the cause was set for a March 7, 2011, jury trial.

¶ 6     On March 7, 2011, the parties appeared and announced they were ready for trial. The defendant then requested a continuance so that he could obtain private counsel. After the trial court denied the defendant's request as untimely, numerous pretrial motions were addressed, the State dismissed one of the two armed robbery counts, and a recess was taken. When the proceedings reconvened approximately an hour later, the parties announced that the defendant had decided to enter a negotiated plea of guilty to the two counts of aggravated battery with a firearm. In exchange for the defendant's guilty plea, the State dismissed the remaining armed robbery count and recommended that consecutive 10-year sentences be imposed on the defendant's convictions for a sentence totaling 20 years. Before the defendant entered his plea, the trial court fully admonished him pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 1997). The defendant was thus advised, *inter alia*, that with the mandatory 25-year "add on" for personally discharging a firearm, the sentencing range for armed robbery was 31 years to life. See

2

720 ILCS 5/18-2(b) (West 2008). After accepting the defendant's plea, the trial court imposed consecutive 10-year sentences on the two counts of aggravated battery with a firearm in accordance with the parties' agreement.

¶ 7 On March 21, 2011, the defendant filed a timely *pro se* motion to withdraw his guilty plea. See Ill. S. Ct. R. 604(d) (eff. July 1, 2006). The motion alleged, *inter alia*, that trial counsel had coerced the defendant into pleading guilty. On March 24, 2011, the trial court denied the defendant's *pro se* motion following a hearing at which the defendant represented himself. The court found that there was "no credible evidence to suggest in any way that there was ineffective assistance of counsel, threats[,] or coercion." In August 2012, we reversed the trial court's judgment on the grounds that the court had failed to advise the defendant that he had the right to have counsel represent him on his motion and did not inquire as to whether the defendant wished to waive that right. *People v. Williams*, 2012 IL App (5th) 110144-U.

¶ 8 In February 2013, appointed counsel filed a motion to withdraw guilty plea on the defendant's behalf and an Illinois Supreme Court Rule 604(d) certificate. See Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013). The motion generally alleged that the defendant's plea had been involuntarily entered due to trial counsel's ineffectiveness and the defendant's failure to understand the nature of the charges against him.

¶ 9 On February 20, 2013, the trial court held a hearing on the defendant's motion to withdraw guilty plea. At the hearing, the defendant testified that trial counsel had "suggested" that he accept the State's plea offer of 20 years. The defendant indicated that trial counsel had implied that they would "definitely lose" at trial. The defendant testified

3

that he believed that trial counsel had not been prepared for trial and had not interviewed any witnesses for the defense. The defendant felt that he had to either take the State's plea offer or proceed to trial with someone who "wasn't ready." The defendant indicated that weeks before the scheduled trial date, he had twice asked counsel to request a continuance so that he could hire a private attorney. The defendant acknowledged that when he pled guilty, he had been aware that the minimum sentence that he would have received if convicted of armed robbery was 31 years and that the maximum was life imprisonment.

¶ 10    The defendant's trial counsel testified that the defendant's plea negotiations with the State had been ongoing and that the defendant "knew what was going on at all times." Counsel testified that he spent weeks preparing for the defendant's trial and "knew the case forwards and backwards." Counsel stated that he interviewed a witness who the defendant had directed him to contact and had also confirmed that the defendant's girlfriend was going to testify for the State. Counsel explained that he had developed a "decent" defense theory, but the State's case was strong. Counsel testified that he and the defendant had discussed the State's evidence on several occasions. Counsel indicated that the defendant had always seemed hesitant to go to trial. Counsel further indicated that when he and the defendant had discussed the defendant's options three days before the scheduled trial date, the defendant was still "on the fence" and wanted to discuss the situation with his family. On the day of trial, the defendant decided to plead guilty. Counsel indicated that the defendant had never expressed dissatisfaction with his representation.

¶ 11 At the conclusion of trial counsel's testimony, the parties offered arguments in support of their respective positions. The trial court took the matter under advisement and stated that it would review the case file before rendering judgment.

¶ 12 The trial court subsequently entered a written order denying the defendant's motion to withdraw guilty plea. The court determined that there was no evidence supporting the defendant's claims that his trial attorney had been ineffective and that the defendant's 20-year sentence was a benefit that the defendant had bargained for and received. With respect to the continuance that the defendant had requested on the day of trial, the court noted that the defendant had not indicated that he had had the ability to hire private counsel at the time. See *People v. Segoviano*, 189 Ill. 2d 228, 245 (2000) (holding that it is not an abuse of discretion to deny a request for a continuance to obtain private counsel in the absence of ready and willing substitute counsel).

¶ 13 In July 2013, we vacated the trial court's judgment and remanded the cause for further proceedings on the grounds that appointed counsel's 604(d) certificate was defective. *People v. Williams*, No. 5-13-0148 (July 26, 2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Specifically, we remanded the cause for "(1) the filing of a [new] Rule 604(d) certificate, (2) the filing of a new motion to withdraw the guilty plea and/or reconsider the sentence, if [the defendant] so wishes or if counsel concludes that a new motion is necessary, and (3) a hearing on any new motion." *Id.* ¶ 9.

¶ 14 In August 2015, appointed counsel filed an amended motion to withdraw guilty plea on the defendant's behalf and a new 604(d) certificate. See Ill. S. Ct. R. 604(d) (eff.

Dec. 11, 2014). In addition to realleging the defendant's previous claims, the amended motion further alleged that the defendant had not been properly admonished pursuant to Rule 402 and had not been properly admonished as to the potential sentencing range. The new 604(d) certificate stated, in pertinent part, that counsel had "consulted with the defendant either by mail or in person to ascertain the defendant's contentions of error in the sentence *and/or* plea of guilty." (Emphasis added.)

¶ 15    On November 10, 2015, with the defendant present, the cause proceeded to a hearing on the defendant's amended motion to withdraw guilty plea. In support of the motion, appointed counsel requested that the trial court review the transcript of the February 2013 hearing, review the transcript of the defendant's plea proceedings, and reconsider its previous ruling. Counsel further advised the court that the defendant was abandoning his claim that he had not been properly admonished as to the potential sentencing range.

¶ 16    In response, the State also asked the trial court to review the transcript of the February 2013 hearing and the transcript of the plea proceedings. The State maintained that the transcript of the plea proceedings refuted the defendant's allegation that he had not been properly admonished pursuant to Rule 402. The court stated that it would take the matter under advisement and review the transcripts as requested by the parties.

¶ 17    On November 12, 2015, the trial court entered a written order denying the defendant's amended motion to withdraw guilty plea. The court stated that it could "find nothing to support the defendant's allegation that [the] 402 admonishments were lacking or that the plea was not voluntary." On appeal from that judgment, the defendant argued

6

that the cause had to be remanded again because appointed counsel's new 604(d) certificate was defective given its use of the phrase "and/or." *People v. Williams*, 2018 IL App (5th) 160076-U, ¶ 7. Primarily relying on *People v. Tousignant*, 2014 IL 115329, we agreed. *Id*. ¶¶ 8-9. In September 2018, the cause was thus remanded again. *Id*. ¶ 9.

¶ 18    In May 2019, appointed counsel filed a new Rule 604(d) certificate that fully complied with the rule. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). On June 19, 2019, with the defendant present, the cause proceeded to a new hearing on the defendant's amended motion to withdraw guilty plea. At the hearing, defense counsel asked the trial court to review the transcript of the February 2013 hearing before ruling on the defendant's amended motion. Counsel advised the court that he had spoken with the defendant about the matter and that the defendant had agreed that "that [was] the appropriate manner in which [to] proceed." The State similarly asked the court to "take judicial notice of any and all relevant transcripts contained within the court file." The State indicated that it was otherwise going to rest on the arguments that it offered at the prior proceedings. The trial court subsequently stated that it would take the matter under advisement and review the transcripts as requested by the parties.

¶ 19    On June 20, 2019, the trial court entered a written order denying the defendant's amended motion to withdraw guilty plea. The court noted that at the second hearing on the motion, the parties had relied on and incorporated the evidence and arguments that had previously been presented. The court further noted that it had reviewed the transcript of the defendant's guilty plea and sentencing, the transcript of the February 2013 hearing on the defendant's original motion to withdraw guilty plea, the transcript of the

November 2015 hearing on the amended motion, and all orders that had previously been entered in the case. On June 27, 2019, the defendant filed a timely notice of appeal.

¶ 20                                              ANALYSIS

¶ 21    On appeal, the defendant argues that his cause should be remanded again because the June 2019 hearing on his amended motion to withdraw guilty plea was perfunctory and did not result in meaningful review of the merits of the motion. The defendant does not otherwise challenge the trial court's judgment, and he concedes that the Rule 604(d) certificate that counsel filed in May 2019 fully complied with the rule.

¶ 22    Where counsel fails to strictly comply with Rule 604(d)'s certification requirement, the appropriate remedy is a remand for (1) the filing of a new Rule 604(d) certificate, (2) the opportunity to file a new motion to withdraw the guilty plea, and (3) a "new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011); see also *People v. Janes*, 158 Ill. 2d 27, 33, 36 (1994). The new motion hearing must be "*meaningful*, but only in the very limited sense that it is not a mere charade performed for the purpose of reinstating an appeal." (Emphasis in original.) *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14. In other words, the motion's allegations must be "considered anew" (*People v. Fricks*, 2017 IL App (2d) 160493, ¶ 7; see also *People v. Cameron*, 286 Ill. App. 3d 541, 544 (1997)), and the hearing must result in a disposition on the merits (*People v. Whitmore*, 313 Ill. App. 3d 117, 120 (2000)). A hearing based on stipulated evidence is acceptable, but mere reliance on the trial court's previous ruling is not. See *Fricks*, 2017 IL App (2d) 160493, ¶ 7; *Whitmore*, 313 Ill. App. 3d at 119-20; *Cameron*, 286 Ill. App. 3d at 543-44. Absent an affirmative showing to the contrary in the record,

8

the trial court is presumed to know the law and apply it properly. *In re N.B.*, 191 Ill. 2d 338, 345 (2000).

¶ 23 Here, the June 2019 hearing on the defendant's amended motion to withdraw guilty plea was not perfunctory as the defendant contends on appeal. The parties specifically asked the trial court to review the transcripts of the previous proceedings before ruling on the defendant's amended motion, and in its order denying the motion, the court confirmed that it had done so. It is undisputed that the transcripts contained all the evidence and arguments that the trial court needed to consider, and although the court indicated that it had also reviewed the orders that had previously been entered in the case, nothing suggests that the court improperly relied on those orders when entering its judgment. On appeal, the defendant argues that because the trial court's order did not specifically state that the court had reviewed the defendant's amended motion *de novo*, the court might have blindly relied on its previous orders. We presume, however, that the trial court was aware of its duty to consider the defendant's amended motion anew, and nothing in the record rebuts that presumption. In that regard, the cases the defendant cites to are distinguishable in that they all involved instances where the record affirmatively demonstrated that the merits of a defendant's motion had not been considered *de novo*. See *Fricks*, 2017 IL App (2d) 160493, ¶ 7; *People v. Oliver*, 276 Ill. App. 3d 929, 931-33 (1995), *abrogated in part on other grounds by People v. Lindsay*, 239 Ill. 2d 522 (2011); *People v. Porter*, 258 Ill. App. 3d 200, 202 (1994); see also *Cameron*, 286 Ill. App. 3d at 543-44 (noting that in *Oliver*, "no effort was made to restate the evidence from the previous hearing for the trial court's benefit before it rendered its decision" and that in

9

*Porter*, "the trial court simply reentered its original order and directed the clerk to file the notice of appeal").

¶ 24 Ultimately, when determining whether a Rule 604(d) remand hearing was held in compliance with the rule, the operative concern for a reviewing court is whether the record supports a finding that the trial court intelligently considered the merits of the defendant's motion to withdraw his or her guilty plea anew. Here, the record supports such a finding, and we accordingly deny the defendant's request that the cause be remanded for further proceedings.

¶ 25                                    CONCLUSION

¶ 26 For the foregoing reasons, the trial court's judgment denying the defendant's amended motion to withdraw guilty plea is hereby affirmed.


¶ 27 Affirmed.