# Illinois Official Reports

## Appellate Court

*People v. Fricks*, 2017 IL App (2d) 160493

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARD R. FRICKS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-16-0493 |
| Filed | July 6, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 11-CF-1688; the Hon. Rosemary Collins, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Vicki P. Kouros, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph P. Bruscato, State's Attorney, of Rockford (Patrick Delfino, Lawrence M. Bauer, and Steven A. Rodgers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Presiding Justice Hudson and Justice Spence concurred in the judgment and opinion. |

¶ 1     Defendant, Leonard R. Fricks, entered a nonnegotiated plea of guilty to a single count of first degree murder (720 ILCS 5/9-1(a)(2) (West 2010)) and was sentenced to a 60-year prison term (which included a 20-year sentencing enhancement for personally discharging a firearm during the commission of the offense (730 ILCS 5/5-8-1(a)(1)(d)(ii) (West 2010))). Prior to sentencing, defendant unsuccessfully moved to withdraw his guilty plea, contending, *inter alia*, that his attorney, Wendell Coates, had made false assurances about the length of the sentence defendant would receive. Another attorney, Michael J. Phillips, represented defendant in connection with the motion. After the trial court imposed sentence, Phillips filed a motion to reduce defendant's sentence. The trial court denied the motion and defendant appealed. Because Phillips did not properly certify compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013), we vacated the denial of the motion and remanded the matter for proceedings in compliance with that rule. *People v. Fricks*, No. 2-14-0054 (Aug. 11, 2014) (minute order). On remand, defendant was represented by attorney Gary V. Pumilia, who filed a second amended motion to withdraw defendant's guilty plea, along with a proper certificate under the amended Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016). The trial court denied that motion. Pumilia also advised the trial court that defendant was "standing on and adopting" his prior motion to reduce his sentence. When Pumilia informed the trial court that it had previously ruled on the motion to reduce defendant's sentence, the trial court stated, "So that ruling will stand." Pumilia did not ask to be heard on, and there were no further proceedings relative to, the motion to reduce defendant's sentence. This appeal followed. Because there was no hearing on remand on the motion to reduce defendant's sentence, yet another remand is necessary.

¶ 2     Rule 604(d) provides, in pertinent part, as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *** The trial court shall *** determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016).

¶ 3     It is well established that the attorney's certificate must strictly comply with the requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35 (1994). If the certificate does not satisfy this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d), including "a new hearing on the motion." *Id.* at 33. Defendant argues that the proceedings on remand were deficient because there was no hearing on the motion to reduce defendant's sentence. The State argues that, although

defendant had the right to a hearing, he chose, through counsel, not to exercise that right. We conclude, however, that a defendant is not permitted to make that choice.

¶ 4    In *Janes*, our supreme court observed that the courts in *People v. Denson*, 243 Ill. App. 3d 55 (1993), *People v. Dickerson*, 212 Ill. App. 3d 168 (1991), *People v. Vickery*, 207 Ill. App. 3d 574 (1991), *People v. Johnson*, 207 Ill. App. 3d 122 (1990), and *People v. Hayes*, 195 Ill. App. 3d 957 (1990), granted the defendants therein "the *right* to file a new motion to withdraw guilty plea and the *right* to have a hearing on the new motion" (emphases added) (*Janes*, 158 Ill. 2d at 33) as a remedy for counsel's failure to comply with the certificate requirement. Immediately after that observation, the *Janes* court stated, "With this opinion, we affirm the holdings of these cases and unequivocally state that, [with the exception of the requirement that the defendant file a motion to withdraw his or her plea or to reconsider his or her sentence], the remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *Id.* In *People v. Oliver*, 276 Ill. App. 3d 929 (1995), we read this to mean that a new motion and a new hearing were *required* on remand.

¶ 5    In *People v. Lindsay*, 239 Ill. 2d 522 (2011), our supreme court concluded, contrary to *Oliver*, that filing a new motion on remand is optional. The *Lindsay* court reasoned as follows:

"There is no question that this court used language in *Janes* that, in isolation, appears to mandate the filing of a new motion on remand:

'[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.' [Citation.]

And we can hardly fault the *Oliver* court for giving authoritative weight to this portion of our decision. That said, *** the preceding language does *not* appear in isolation but rather immediately follows the court's explicit endorsement of a series of appellate court decisions holding that the appropriate remedy for the failure to file a Rule 604(d) certificate is to 'grant[ ] the defendants therein *the right* to file a new motion to withdraw guilty plea and *the right* to have a hearing on the new motion.' (Emphases added.) [Citation.] Unlike the language relied upon in *Oliver*, this language is permissive, allowing individual defendants to decide on a case-by-case basis whether the filling of a new motion on remand is warranted. And significantly, it was this *permissive* language that the court employed in the concluding paragraph of the decision, where the court sets forth its instructions for the remand:

'Therefore, pursuant to this court's supervisory authority, we retain jurisdiction and remand this cause to the circuit court *** *to allow* defendant to file a new motion to withdraw his guilty plea and for a hearing on that motion in full compliance with Rule 604(d).' (Emphasis added.) [Citation.]

Clearly, nothing in this language *mandates* or *requires* the filing of a new motion on remand. On the contrary, the court was simply *allowing* defendant—that is, giving him the opportunity—to file a new motion on remand. Whether he exercised that option was entirely up to him." (Emphases in original.) *Id.* at 528-29.

¶ 6 In the case now before us, the State seeks to extend *Lindsay*'s reasoning to the requirement that a new hearing be held on remand. According to the State, although defendant had a *right* to a new hearing, he was not required to exercise that right.[1] However, that argument is contrary to *Lindsay*'s express holding:

> "[W]e hold that, when defense counsel neglects to file a Rule 604(d) certificate, the appropriate remedy is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *Id.* at 531.

The *Lindsay* court used permissive language with reference to filing a new motion: the defendant is to be afforded the "opportunity" to do so "if counsel concludes that a new motion is necessary." *Id.* The *Lindsay* court did not use such language with reference to holding a new hearing. Presumably, the *Lindsay* court crafted its holding with care, so as to avoid the kind of misinterpretation that occurred in *Oliver*. Thus, if the *Lindsay* court had intended the new motion hearing to be optional, we cannot fathom why the court would not have said so explicitly.

¶ 7 In the present case, there was no hearing on remand on the motion to reduce defendant's sentence. Indeed, the motion was not considered anew. Pumilia merely acceded to the trial court's previous ruling, which the trial court merely reiterated. The trial court did not review the original hearing on the motion. Pumilia did not summarize what transpired at that hearing for the trial court's benefit. Thus, what occurred on remand was a "mere charade performed for the purpose of reinstating an appeal." *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14.

¶ 8 The State relies on *People v. Shirley*, 181 Ill. 2d 359, 369 (1998), which found "limited value" in an additional remand where, on the first remand, the defendant "was afforded a full and fair second opportunity to present a motion for reduced sentencing." The context for that statement is the *Shirley* court's rejection of "defendant's implicit premise that the strict compliance standard of [*Janes*] must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings *following the initial remand hearing*." (Emphasis added.) *Id.* Thus, *Shirley* presupposes that an "initial remand hearing" actually took place. The failure here to hold any hearing on remand on defendant's motion to reduce his sentence clearly distinguishes this case from *Shirley*. We thus conclude that this case must again be remanded for a hearing on defendant's motion to reduce his sentence.

¶ 9 For the foregoing reasons, we vacate the order of the circuit court of Winnebago County denying defendant's motion to reduce his sentence. We remand for a new hearing on the motion.

¶ 10 Vacated and remanded.

---

[1]The State contends that defendant "was in full agreement with defense counsel's decision to forego [*sic*] presentation of the motion to reconsider sentence." The record does not support the contention. Although the State cites portions of the record indicating that defendant and counsel discussed sentencing issues, the State cites nothing showing that defendant specifically agreed that a hearing was unnecessary. In any event, the State also cites nothing establishing that defendant was entitled to personally decide whether there would be a hearing.