NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230240-U

NO. 4-23-0240

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 2, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| BRETT A. GUTH, | ) | No. 18CF19 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael L. Stroh, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice DeArmond and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*: On remand for the opportunity to file new postplea motions under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), defendant did not receive a meaningful hearing on his postplea motion to reconsider sentence, entitling him to a further remand for a hearing on that motion.

¶ 2     Defendant, Brett A. Guth, pleaded guilty to several felony and misdemeanor offenses and was sentenced to 21 years in prison. On direct appeal, this court vacated one of defendant's felony convictions under the one-act, one-crime rule; found the trial court failed to substantially comply with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001); and remanded the matter for proper Rule 605(b) admonishments and the opportunity for defendant to file new postplea motions. *People v. Guth*, No. 4-21-0065 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On remand, defendant filed both a motion to withdraw his guilty plea and a motion to reconsider his sentence. The court denied defendant's motion to

withdraw his guilty plea and struck his motion to reconsider. Defendant appeals, arguing his postplea counsel provided ineffective assistance, the court and counsel improperly failed to comply with this court's mandate, and his counsel failed to comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We vacate the court's order striking defendant's motion to reconsider his sentence and remand for a hearing on that motion.

¶ 3                              I. BACKGROUND

¶ 4             In 2018, the State charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2018)), unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)), aggravated assault (*id.* § 12-2(c)(1)), unlawful interference with the reporting of domestic violence (*id.* § 12-3.5), being an armed habitual criminal (*id.* § 24-1.7(a)(1)), and unauthorized possession of cannabis sativa plants (720 ILCS 550/8(b) (West 2018)). The charges followed an incident during which defendant was alleged to have strangled his wife and used a handgun to assault her.

¶ 5             In January 2020, defendant appeared before the trial court and entered an open plea of guilty to all six counts against him. The following month, the court sentenced defendant to a total of 21 years in prison. In March 2020, defendant filed a motion to reconsider his sentence. The court denied the motion, and defendant appealed.

¶ 6             On appeal, defendant argued (1) the trial court failed to substantially comply with Rule 605(b) by not admonishing him regarding the procedure for moving to withdraw his guilty plea prior to taking an appeal and (2) his conviction for unlawful possession of a weapon by a felon violated the one-act, one-crime rule as it was based on the possession of the same handgun as his conviction for being an armed habitual criminal. *Guth*, No. 4-21-0065 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)). This court agreed with both arguments, vacated defendant's conviction for unlawful possession of a weapon by a felon, and "remand[ed]

- 2 -

the matter to the trial court for proper admonishments under Rule 605(b) and the opportunity for defendant to file new postplea motions in accordance with Rule 604(d)." *Id.*

¶ 7　　　　　On remand, defendant was represented by attorney Hugh Toner. In April 2022, the parties appeared before the trial court and the court properly admonished defendant under Rule 605(b). In May 2022, defendant, with Toner's assistance, filed both a motion to withdraw his guilty plea and a motion to reconsider his sentence. In his motion to reconsider, defendant raised a new claim that his then ex-wife's victim impact statement contained inaccurate statements regarding his use of a firearm during the commission of the charged offenses. He maintained his plea counsel was ineffective for failing to object to the sentencing court's consideration of such statements.

¶ 8　　　　　On May 24, 2022, Toner filed a Rule 604(d) certificate, asserting as follows:

"1.　　I have consulted with the Defendant in person, by mail, by phone, or by electronic means to ascertain the Defendant's contentions of error in the entry of the plea of guilty and in the sentence;

2.　　I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3.　　I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 9　　　　　In July 2022, the trial court conducted a hearing on defendant's postplea motions. Ultimately, however, the matter was continued on the State's motion, and defendant was granted leave to amend his motion to withdraw his guilty plea. Defendant subsequently filed both a revised motion and a second revised motion to withdraw his plea.

¶ 10　　　　In March 2023, the trial court, again, called the matter for hearing on defendant's postplea motions. At the outset of the hearing, Toner raised a matter of "housekeeping" with

respect to defendant's motion to reconsider his sentence. He noted his belief that defendant had previously filed such a motion with the court and, as a result, the motion to reconsider filed on remand might be barred by *res judicata*. After the court confirmed in the record that such a motion had been filed and denied by the court after argument, Toner stated as follows: "Well, if the court would find that that's *res judicata*, then that would take care of my motion to reconsider. I would concede, probably." The State indicated it agreed, asserting the court had "already ruled on that" and it "was not one of the things that got sent back in the mandate." The court then held that defendant's May 2022 motion to reconsider his sentence was barred by *res judicata* and struck the motion. The matter proceeded with a hearing on defendant's motion to withdraw his guilty plea, which the court denied.

¶ 11     This appeal followed.

¶ 12                              II. ANALYSIS

¶ 13     On appeal, defendant argues that error occurred on remand with respect to the striking of his May 2022 motion to reconsider his sentence. Asserting various alternative bases for relief, he seeks further remand for either a new sentencing hearing or the opportunity for new postplea proceedings. For the reasons that follow, we agree that because defendant received no hearing on his motion to reconsider his sentence, the proceedings on remand were deficient, and he is entitled to remand for a hearing on that motion.

¶ 14     One of defendant's contentions on appeal is that Toner failed to comply with the requirements of Rule 604(d). He contends that although Toner filed a facially valid certificate under the rule, the record rebuts Toner's certification that he made necessary amendments to defendant's postplea motions to adequately present defendant's claims of error. More specifically, defendant complains that "[w]hen [Toner] allowed the [trial] court to strike [defendant's] motion

to reconsider sentence for an erroneous reason, counsel was not adequately presenting [defendant's] claims."

¶ 15    "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d 1071. Under the rule, a defendant's postplea counsel must file a certificate with the trial court, asserting the following:

"1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017), Art. VI Forms Appendix.

The purpose of the rule is to ensure that before the defendant appeals following a guilty plea, the trial judge is " 'given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom.' " *H.L.*, 2015 IL 118529, ¶ 9 (quoting *People v. Wilk*, 124 Ill. 2d 93, 104, 529 N.E.2d 218, 221-22 (1988)).

¶ 16    The supreme court requires strict compliance with Rule 604(d)'s certification requirement. *Id.* ¶ 8. "Strict compliance requires counsel to prepare a certificate that meets the content requirements of the rule and to file the certificate with the trial court." *Id.* ¶ 25. Additionally, "a facially valid Rule 604(d) certificate may be refuted by the record." *People v.*

*Curtis*, 2021 IL App (4th) 190658, ¶ 37, 186 N.E.3d 467. "Whether counsel complied with Rule 604(d) is a legal question that we review *de novo*." *People v. Gorss*, 2022 IL 126464, ¶ 10, 194 N.E.3d 490.

¶ 17　　　　Further, when a case is remanded for a defendant to have the opportunity to file new postplea motions under Rule 604(d), the remedy includes "a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531, 942 N.E.2d 1268, 1274 (2011). On remand, a defendant is entitled to a hearing that is meaningful and "not a mere charade performed for the purpose of reinstating an appeal." *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14, 966 N.E.2d 375. Counsel's failure to offer argument or evidence in support of a postplea motion may function as a concession that the motion is without merit and, under such circumstances, the hearing serves "little purpose other than to clear a procedural hurdle to [an] appeal." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 11, 87 N.E.3d 441.

¶ 18　　　　In this instance, we find the Second District's decision in *People v. Fricks*, 2017 IL App (2d) 160493, 83 N.E.3d 473, is instructive. There, the defendant's case was remanded for proceedings in compliance with Rule 604(d). *Id.* ¶ 1. On remand, the defendant's postplea counsel filed a proper Rule 604(d) certificate and a second amended motion to withdraw the defendant's guilty plea, which the trial court denied. *Id.* Thereafter, the following proceedings occurred:

> "[The defendant's counsel] also advised the trial court that [the] defendant was 'standing on and adopting' his prior motion to reduce his sentence. When [counsel] informed the trial court that it had previously ruled on the motion to reduce [the] defendant's sentence, the trial court stated, 'So that ruling will stand.' [Counsel] did not ask to be heard on, and there were no further proceedings relative to, the motion to reduce [the] defendant's sentence." *Id.*

¶ 19　　　　On review, the Second District determined that further remand was necessary in the case. *Id.* In reaching its decision, the court stated as follows:

> "In the present case, there was no hearing on remand on the motion to reduce [the] defendant's sentence. Indeed, the motion was not considered anew. [Counsel] merely acceded to the trial court's previous ruling, which the trial court merely reiterated. The trial court did not review the original hearing on the motion. [Counsel] did not summarize what transpired at that hearing for the trial court's benefit. Thus, what occurred on remand was a 'mere charade performed for the purpose of reinstating an appeal.' " *Id.* ¶ 7 (quoting *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14).

¶ 20　　　　Here, defendant's case was remanded for the opportunity to file new postplea motions under Rule 604(d), which included the right to a hearing on such motions. However, similar to what occurred in *Fricks*, defendant received no hearing on his motion to reconsider his sentence. As argued by defendant on appeal, Toner "failed to present the motion [to reconsider sentence] *at all*" when he erroneously informed the court that it was barred by *res judicata* and acquiesced to the court's decision to strike the motion. (Emphasis in original.).

¶ 21　　　　On appeal, the State does not dispute that the striking of defendant's motion to reconsider his sentence on *res judicata* grounds was error. However, it contends that the only proper avenue for evaluating defendant's claim of error is as an ineffective-assistance-of-counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). We disagree.

¶ 22　　　　Although the *Strickland* test may be applied to some challenges to the sufficiency of proceedings on remand for compliance with Rule 604(d), one requirement for *Strickland*'s application is that "the hearing on remand was not conducted as a purely formal exercise designed

to facilitate reinstatement of the previously dismissed appeal." *Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 16. In this instance, there was no hearing on remand with respect to defendant's motion to reconsider his sentence. Rather, Toner effectively and erroneously conceded that the motion lacked merit. Under such circumstances, defendant was not required to establish ineffective assistance under *Strickland* to obtain relief.

¶ 23        Like in *Fricks*, we find defendant is entitled to remand for a new hearing on his motion to reconsider his sentence. Given our holding, we find it unnecessary to address the alternative bases for relief raised by defendant on appeal.

¶ 24                               III. CONCLUSION

¶ 25        For the reasons stated, we vacate the trial court's order striking defendant's May 2022 motion to reconsider his sentence and remand with directions that the court conduct a hearing on the motion.

¶ 26        Order vacated; cause remanded with directions.