NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250051-U

NO. 4-25-0051

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 5, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| BRANDON L. ECKWOOD, | ) | No. 23CF261 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul E. Bauer, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Lannerd and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court vacated the trial court's denial of defendant's postplea motion to withdraw his guilty plea and remanded for strict compliance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 2    In July 2023, defendant, Brandon L. Eckwood, pleaded guilty to three counts of aggravated battery, a Class X felony (720 ILCS 5/12-3.05(e)(1), (h) (West 2022)), and one count of unlawful possession of a weapon by a felon, a Class 2 felony (*id.* § 24-1.1(a), (e)). Pursuant to the negotiated plea agreement, the trial court sentenced defendant to 14 years' imprisonment for each of the aggravated battery offenses and 4 years' imprisonment for unlawful possession of a weapon by a felon, with all the sentences to be served concurrently.

¶ 3    In August 2023, defendant moved to withdraw his guilty plea, and the trial court denied defendant's motion following a hearing.

¶ 4    In January 2024, this court granted summary remand for Rule 604(d) compliance,

ordering, *inter alia*, "a new hearing on [defendant's] motion, and strict compliance with the requirements of Rule 604(d)." *People v. Eckwood*, No. 4-23-0779 (2024) (order).

¶ 5     In January 2025, the trial court found postplea counsel's certificate to be compliant with Rule 604(d) (see Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024)) and reappointed the Office of the State Appellate Defender without holding a new hearing on defendant's motion to withdraw his guilty plea.

¶ 6     Defendant appeals, arguing (1) the trial court failed to hold a new hearing and (2) postplea counsel failed to make necessary amendments to his postplea motion, as required by Rule 604(d). We vacate the trial court's denial of defendant's postplea motion to withdraw his guilty plea and remand for strict compliance with the requirements of Rule 604(d).

¶ 7                              I. BACKGROUND

¶ 8     In April 2023, the State charged defendant with three counts of aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2022)) (counts I through III) and one count of unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)) (count IV). For the aggravated battery charges, the State alleged defendant knowingly discharged a handgun in the direction of Shekeila Miller, Tonya Norman, and Laquartris Ford, causing injuries to all three individuals. For the unlawful possession of a weapon by a felon charge, the State alleged defendant knowingly possessed a firearm and had been previously convicted of a Class 1 felony.

¶ 9     In July 2023, defendant pleaded guilty to all four counts. In exchange, the State agreed to 14 years' imprisonment for each aggravated battery offense and 4 years' imprisonment for unlawful possession of a weapon by a felon, with all the sentences to run concurrently.

¶ 10     The trial court heard the following factual basis for defendant's plea. On March 13, 2023, officers were called to KG's Sports Bar and Grill on a "triple shooting" in the early

morning hours where "two females and a male outside of the front end of the bar[ ]had been shot." Surveillance video showed an individual, later identified as defendant, leaving the bar and then returning "around the back of the bar and from the sight of the individuals that were subsequently shot at the front door." Defendant "[p]ulled out a weapon, fired that weapon, and the [victims] were struck in their legs either with the projectiles or debris that was in the parking lot." All three victims were treated at the hospital for superficial wounds. Defendant was brought to the Peoria County Sheriff's Office. Defendant gave a voluntary statement indicating he fired at Ford due to an ongoing argument and did not intend to shoot Miller or Norman.

¶ 11        The trial court accepted defendant's guilty plea and sentenced him consistently with the State's agreement.

¶ 12                    A. Defendant's Motion to Withdraw His Guilty Plea

¶ 13        Following the plea hearing, defendant retained new counsel, Gary Morris, to represent him in postplea proceedings.

¶ 14        In August 2023, Morris filed a motion to withdraw defendant's guilty plea. The motion alleged defendant's guilty plea was not knowing and voluntary where (1) defendant had insufficient contact with plea counsel and was not able to review discovery; (2) the trial court failed to admonish defendant one year of mandatory supervised release attached to his unlawful possession of a weapon by a felon conviction; (3) a consolidated case, Peoria County case No. 23-MT-781, remained unresolved; and (4) the judgment sheet listed incorrect sentences, which were inconsistent with the sentencing transcript. The motion also alleged defendant "was informed after the incident that one of the two alleged female victims was not shot by him but by [another] shooter *** contrary to the [State's] version of the facts." Morris attached a transcript of the earlier plea hearing but no supporting affidavits. In his Rule 604(d) certificate, Morris did

not assert he made any necessary amendments for an adequate presentation of defects in the plea proceedings.

¶ 15                    B. Hearing on Defendant's Motion to Withdraw His Plea

¶ 16          On September 7, 2023, the trial court held a hearing on the motion to withdraw defendant's guilty plea. The court acknowledged Morris had filed a Rule 604(d) certificate. Morris stated he consulted the court record on file but did not have the opportunity to review defendant's "personal file" from the public defender. The court asserted Morris could have reviewed defendant's file in the month after his filing and before the hearing. Morris reiterated he was unable to add defendant's file to the motion. The court explained other attorneys usually file amendments to their pleadings, and Morris responded: "I guess you're right about that, Judge. That's right. I was of the opinion you had to get everything in that motion that you know of and that was everything I knew on the date that I filed it[,] the last day." Morris insisted he was ready to proceed on the motion. Before moving forward, the court confirmed Morris had looked at the court file, talked to defendant on a number of occasions, and addressed his contentions of error. Morris called both defendant's plea counsel, Jonathan McEldowney, and defendant to testify.

¶ 17                    1. *Plea Counsel's Testimony*

¶ 18          McEldowney testified he was the public defender who represented defendant beginning in July 2023 and through his guilty plea. When questioned about discovery, he explained he received initial reports, videos, and copies of defendant's statements to police. McEldowney testified he did not show defendant the videos or have defendant read the police reports. According to McEldowney, defendant confirmed he was the individual in the video discharging the firearm and acknowledged the statement he made to police. McEldowney

recalled presenting the State's plea offer to defendant at their first meeting a week before the plea date. McEldowney also recalled speaking with defendant on the plea date and discussing the sentencing range on the Class X felonies. On cross-examination, McEldowney testified defendant had no outstanding questions as to the contents of the evidence when he decided to plead guilty.

¶ 19    On redirect examination, McEldowney testified there was no plea agreement as to case No. 23-MT-781, a consolidated case involving a traffic offense. He explained the parties were under the impression the traffic offense had already been dismissed. McEldowney stated the parties did not discuss the case, but he believed the parties intended to "dismiss the misdemeanor traffic ticket." McEldowney confirmed he never discussed the traffic case with defendant.

¶ 20                                  2. *Defendant's Testimony*

¶ 21    Defendant testified he spoke with McEldowney at their first meeting on June 29, 2023, and before his guilty plea on July 6, 2023. Defendant admitted he did not ask to see the discovery before pleading guilty but stated he did not know it was available. According to defendant, McEldowney did not explain to him the sentencing range for count IV or why he was extended-term eligible.

¶ 22    On cross-examination, defendant stated he did not remember shooting three people. He suggested he did not refute the State's factual basis at the plea hearing because he did not know he could say anything. Defendant confirmed he did not bring up issues with the factual basis to McEldowney. He agreed the trial court advised him of his sentence on the day he pleaded guilty.

¶ 23    On redirect, defendant insisted McEldowney should have been more

communicative, cooperative, and informative as his attorney. Defendant testified he called McEldowney's office and was told McEldowney would visit, but he never did.

¶ 24                                                    3. *Trial Court's Ruling*

¶ 25            The trial court denied defendant's motion to withdraw his guilty plea. The court found nothing in the motion, transcript, or hearing to suggest defendant did not enter the plea knowingly and voluntarily. According to the court, the fact defendant was not shown discovery did not undermine the plea but was a regular occurrence, especially when a defendant has "basically acknowledged" he committed the offense. The court entered a separate order to dismiss case No. 23-MT-781 with defendant's consent. Under Illinois Supreme Court Rule 472 (eff. May 17, 2019), the court corrected the judgment sheet to properly reflect the terms of the plea agreement for counts III and IV.

¶ 26            Defendant appealed. In January 2024, this court granted an agreed motion for a summary remand for Rule 604(d) compliance, ordering "the filing of a new [Rule] 604(d) certificate, the opportunity to file a new post-plea motion, if counsel concludes that a new motion is necessary, a new hearing on the motion, and strict compliance with the requirements of Rule 604(d)." *Eckwood*, No. 4-23-0779 (2024) (order).

¶ 27                                     C. Proceedings on Remand

¶ 28            In August 2024, Morris filed a second Rule 604(d) certificate but did not certify he made the necessary amendments for an adequate presentation of defects in the plea proceedings. The trial court noted the certificate's lack of compliance and required Morris to file a certificate "adopting the appearance and content" of the form it provided. In September 2024, Morris filed a third Rule 604(d) certificate in accordance with the form's language. At status hearings in September and December 2024, the parties discussed the requirement of having a

- 6 -

hearing on defendant's motion to withdraw his guilty plea.

¶ 29    In January 2025, the trial court found Morris's certificate was compliant with Rule 604(d) and reappointed the Office of the State Appellate Defender without holding a new hearing on defendant's motion to withdraw his guilty plea. The court observed no new motions had been filed and suggested defendant's motion had "already been denied" in September 2023.

¶ 30    This appeal followed.

¶ 31                                    II. ANALYSIS

¶ 32    On appeal, defendant argues the proceedings on remand failed to comply with Rule 604(d) because (1) the trial court neglected to conduct a new hearing and (2) postplea counsel failed to make necessary amendments to defendant's motion to withdraw his guilty plea. We agree and remand for strict compliance with Rule 604(d).

¶ 33    "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7. Rule 604(d) requires counsel representing a defendant on a motion to withdraw a guilty plea to certify the following:

> "[T]he attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024).

¶ 34    Strict compliance with Rule 604(d) is required. *People v. Gorss*, 2022 IL 126464,

¶ 19. If counsel fails to make the required certifications under Rule 604(d), remand is required, and this court "does not need to look any further than the certificate itself." *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 35. If counsel files a facially valid certificate, a reviewing court "may consult the record to determine whether she actually fulfilled her obligations under Rule 604(d)." *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8. Whether counsel strictly complied with Rule 604(d) is a question of law reviewed *de novo*. *Gorss*, 2022 IL 126464, ¶ 10.

¶ 35                               A. New Hearing Requirement

¶ 36            In January 2024, this court granted an agreed motion for summary remand for Rule 604(d) compliance, ordering "the filing of a new [Rule] 604(d) certificate, the opportunity to file a new post-plea motion, if counsel concludes that a new motion is necessary, a new hearing on the motion, and strict compliance with the requirements of Rule 604(d)."

¶ 37            Unlike the opportunity to file a new postplea motion, a "new hearing" on remand for Rule 604(d) compliance is not optional. In *People v. Fricks*, 2017 IL App (2d) 160493, ¶ 3, the Second District held "a defendant is not permitted" to choose, through counsel, not to exercise the right to a hearing on his postplea motion on remand for Rule 604(d) compliance. Even when counsel is " 'standing on' " a prior motion, a trial court's failure to hold a new hearing warrants a remand. *Id.* ¶ 1. This court has recently agreed with the holding in *Fricks*. See *People v. Guth*, 2023 IL App (4th) 230240-U, ¶ 23. In *Guth*, this court ordered a further remand for Rule 604(d) compliance when a defendant received no meaningful hearing on his postplea motion on the initial remand for Rule 604(d) compliance. *Id.* ¶¶ 20-23.

¶ 38            Here, the trial court declined to hold a new hearing on defendant's postplea motion after it observed postplea counsel had filed a proper Rule 604(d) certificate and had not filed a new motion. Because defendant did not receive a meaningful new hearing on his postplea

motion to withdraw his guilty plea, a further remand is required.

¶ 39                              B. Affidavits Requirement

¶ 40         Although we remand this case for a full hearing, we find it necessary to address counsel's Rule 604(d) certification he made necessary amendments to defendant's motion to withdraw his guilty plea where the record refutes this certification.

¶ 41         Under Rule 604(d), a postplea motion "based on facts that do not appear of record shall be supported by affidavit." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). In such cases, the failure to substantiate new allegations with evidentiary support "refutes counsel's certification" he made necessary amendments to the postplea motion. *Bridges*, 2017 IL App (2d) 150718, ¶ 9.

¶ 42         Here, postplea counsel newly alleged in his motion to withdraw defendant's guilty plea defendant "was informed after the incident that one of the two alleged female victims was not shot by [defendant] but by the other shooter which is contrary to the [State's] version of the facts." The new allegation of another shooter was based on facts not in the record; however, counsel failed to attach any affidavits in support. Postplea counsel's failure to provide supporting affidavits rebuts his compliance with Rule 604(d). See *id.* ¶¶ 9, 12 (remanding for compliance where counsel failed to attach any affidavits to substantiate new allegations raised in the postplea motion).

¶ 43         Accordingly, we vacate the denial of defendant's motion to withdraw his guilty plea and remand for the filing of a new Rule 604(d) certificate, the opportunity to file a new postplea motion, if counsel concludes a new motion is necessary, a new hearing on the motion, and strict compliance with the requirements of Rule 604(d).

¶ 44                              III. CONCLUSION

¶ 45         For the reasons stated, we vacate the trial court's judgment denying defendant's

motion to withdraw his guilty plea and remand for further postplea proceedings in accordance with this decision.

¶ 46        Vacated and remanded with directions.