NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250437-U

NO. 4-25-0437

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 8, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| ALTON J. RUSSELL, | ) | No. 23CF348 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court vacated the denial of defendant's amended postplea motion and
remanded with directions for the trial court to appoint defendant new counsel and
then conduct new postplea proceedings in strict compliance with Illinois Supreme
Court Rule 604(d) (eff. Apr. 15, 2024), concluding defendant did not receive a
meaningful hearing on his amended postplea motion during the prior remand.

¶ 2    Defendant, Alton J. Russell, appeals the denial of his amended postplea motion

after a summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15,

2024). Defendant argues this court should remand for (1) new postplea proceedings because the

trial court failed to hold a new hearing on his amended postplea motion and because his counsel's

Rule 604(d) certificate is rebutted by the record or (2) a new sentencing hearing because the

sentence imposed is excessive. For the reasons that follow, we vacate the denial of defendant's

amended postplea motion and remand with directions for the trial court to appoint defendant new

counsel and then conduct new postplea proceedings in strict compliance with Rule 604(d).

¶ 3                                     I. BACKGROUND

¶ 4            In May 2023, a grand jury returned an indictment charging defendant with attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2022)) and aggravated domestic battery (*id.* § 12-3.3(a)). The charges followed an incident during which defendant was alleged to have repeatedly stabbed his then wife with a knife.

¶ 5            In March 2024, the trial court conducted a plea hearing. Defendant entered an open plea of guilty but mentally ill to the charge of attempt (first degree murder), which the court accepted after admonishing defendant and hearing a factual basis.

¶ 6            In May 2024, the trial court conducted a sentencing hearing. Defendant's then ex-wife was present at the hearing but did not give a victim impact statement. Following recommendations, defendant gave a statement in allocution. The court sentenced defendant to 22 years in prison, to be served at 85%.

¶ 7            Also in May 2024, defendant, through counsel, filed a one-page postplea motion seeking to reduce his sentence or, alternatively, withdraw his guilty plea. With respect to his request for a reduction in his sentence, defendant argued the trial court failed to properly consider and weigh the factors in mitigation and aggravation, which resulted in an excessive sentence. As for his alternative request to withdraw his guilty plea, defendant argued the plea hearing was not conducted in compliance with Illinois Supreme Court Rule 402 (eff. July 1, 2012).

¶ 8            In June 2024, the trial court entered an order directing the clerk of the court to send an *ex parte* letter it received from defendant's ex-wife to the parties. In the letter, which was attached to the order, defendant's ex-wife averred defendant's statements at the sentencing hearing made her believe he was remorseful and regretted not seeking mental health assistance earlier. She requested the court "reconsider [defendant's] sentence and grant him a second chance to be present

in our daughter's life."

¶ 9        Also in June 2024, the trial court held a hearing on defendant's postplea motion, and defendant's counsel filed a Rule 604(d) certificate. At the hearing, the court indicated it had reviewed the postplea motion. It then allowed defendant's counsel to address the matter, the State to respond, and defendant's counsel to reply. The parties and the court only addressed defendant's request for a reduction in his sentence. The court stated it had an independent recollection of the facts and had imposed the sentence after carefully considering all the factors in aggravation and mitigation. The court denied defendant's postplea motion, and defendant appealed.

¶ 10        In December 2024, this court granted an agreed motion for summary remand based upon a lack of compliance with Rule 604(d)'s certification requirement. We remanded "for the filing of a new [Rule] 604(d) certificate, the opportunity to file a new post-plea motion, if counsel concludes that a new motion is necessary, a new hearing on the motion, and strict compliance with the requirements of Rule 604(d)." *People v. Russell*, No. 4-24-0903 (2024) (order).

¶ 11        In April 2025, defendant, through the same counsel, filed an amended one-page postplea motion. Defendant again sought to reduce his sentence or, alternatively, withdraw his guilty plea. With respect to his request for a reduction in his sentence, defendant again argued the trial court failed to properly consider and weigh the factors in mitigation and aggravation, which resulted in an excessive sentence. Additionally, defendant argued the court either "failed to [consider][] or failed to sufficiently consider" the letter from his ex-wife. Defendant did not present any argument in support of his alternative request to withdraw his guilty plea.

¶ 12        On the same day the amended postplea motion was filed, defendant's counsel filed a new Rule 604(d) certificate. Counsel certified the following: (1) "I have consulted with the Defendant *** in person, by mail, by phone, or by electronic means to ascertain the contentions

of error in the entry of the plea of guilty and in the esntence [*sic*]," (2) "I have examined the trial court file, and report of proceedings of the plea of guilty, and of the report of proceedings in the sentencing hearing," and (3) "I have made any amendments to the motion of Defendant necessary for the adequate presentation [*sic*] the defects in those proceedings."

¶ 13    Also on the same day the amended postplea motion and the new Rule 604(d) certificate were filed, the trial court held a hearing. On the court's inquiry, defendant's counsel initially addressed the status of the case. Counsel averred the case was remanded to confirm whether defendant intended to seek to withdraw his guilty plea or only to seek reconsideration of his sentence. Counsel also averred defendant was "desirous only of reconsidering the sentence and appealing that issue if the Court does not do so." Counsel stated, based upon defendant's desire, counsel filed "an amended petition to perhaps clarify that." The following exchange then occurred:

"THE COURT: All right. Is that your understanding, [defendant]?

[DEFENDANT]: Yes, ma'am.

THE COURT: All right. So your only—well, I will tell you that I have an independent recollection of you. And I have an independent recollection of the sentence and what happened as it relates—the reason that you were sentenced I should say. And I'm not inclined to reduce the sentence. So with that, what will be appealed is the length of the sentence, right?

[DEFENDANT]: Yes, ma'am.

THE COURT: And that's your understanding?

[DEFENDANT]: Yes.

THE COURT: All right. So is there anything else we need to address today?

[DEFENSE COUNSEL]: No, Judge. I suppose he needs to be given his

appeal rights.

> THE COURT: Right. And can you refresh my recollection, was it a blind plea, or was there a cap?

> [DEFENSE COUNSEL]: No. There was no cap.

> THE COURT: All right. Thank you."

The court then admonished defendant as to his appeal rights, which defendant indicated he understood. The court concluded by stating, "All right. And just so the record is clear, *** there was a motion filed to reduce the sentence, and that is being denied today." Defendant's counsel requested a notice of appeal be filed on defendant's behalf, which the court indicated would be done. Before concluding the hearing, defendant volunteered a statement about the offense, his progress since being incarcerated, and his current family circumstances and requested "reconsideration" and "mercy." The court, in response, acknowledged defendant "look[ed] better" than he did when he was previously before the court but suggested he not say anything further on the record. Defendant followed the court's suggestion.

¶ 14        This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16        On appeal, defendant argues this court should remand for (1) new postplea proceedings because the trial court failed to hold a new hearing on his amended postplea motion and because his counsel's Rule 604(d) certificate is rebutted by the record or (2) a new sentencing hearing because the sentence imposed is excessive. The State disagrees.

¶ 17        "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7. The rule provides no appeal from a judgment entered upon a guilty plea shall be taken unless the defendant

files in the trial court "a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). The rule further requires defense counsel to file a certificate verifying counsel

> "has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

Strict compliance with the rule's certification requirement is required. *H.L.*, 2015 IL 118529, ¶ 8.

¶ 18　　　　Where there has been a lack of compliance with Rule 604(d)'s certification requirement, our courts will ordinarily remand the case for (1) the filing of a new Rule 604(d) certificate; (2) the opportunity to file a new postplea motion, if counsel concludes that a new motion is necessary; and (3) a new hearing on the motion. See *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011); *People v. Gray*, 2023 IL App (4th) 230076, ¶ 45; *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 12. As for the hearing on remand, our courts have held a defendant "is entitled to a hearing that is *meaningful*" and "not a mere charade performed for the purpose of reinstating an appeal." (Emphasis in original.) *People v. Tejada-Soto*, 2012 IL App (2d) 110188, ¶ 14.

¶ 19　　　　Defendant, in support of his request for a remand for new postplea proceedings, initially argues the trial court failed to hold a new hearing on his amended postplea motion on remand. The State, in response, argues defendant should be estopped from raising this issue because he invited or acquiesced to the procedure used by the court and, regardless, the law does

not require a new hearing on remand.

¶ 20      In his opening brief, defendant cites *People v. Fricks*, 2017 IL App (2d) 160493, ¶¶ 3, 6, which held, when a case is remanded due to a lack of compliance with Rule 604(d)'s certification requirement, a defendant is not permitted to waive a new hearing. In raising its estoppel argument, the State does not address *Fricks* but instead cites several cases which do not involve similar procedural circumstances. See, *e.g.*, *People v. Harvey*, 211 Ill. 2d 368, 385 (2004); *People v. Carter*, 208 Ill. 2d 309, 319 (2003); *People v. Lowe*, 153 Ill. 2d 195, 199 (1992). Even if we found estoppel could apply under these procedural circumstances, we would still reject its application. See *People v. Reed*, 2020 IL 124940, ¶ 39 ("The invited error doctrine is akin to equitable estoppel in that a party may not request to proceed in one manner and then later contend *** that the course of action was in error." (Internal quotation marks omitted.)). The record shows defendant did not invite or acquiesce to the absence of a new hearing on remand. The State's assertion to the contrary is simply a mischaracterization of the record.

¶ 21      Similarly, defendant, in his opening brief, provided a detailed argument with supporting authority explaining why a new hearing is required on remand. See, *e.g.*, *Fricks*, 2017 IL App (2d) 160493, ¶ 6; *People v. Kerkering*, 283 Ill. App. 3d 867, 871 (1996); *People v. Guth*, 2023 IL App (4th) 230240-U, ¶ 17. The State again does not address defendant's supporting authority but instead argues it "interprets the law as *** permitting a new hearing." However, *Lindsay*, the only case cited by the State for its argument, concerned whether a new motion on remand was required, concluding it was not, and, after addressing that issue, ordered a remand for "(1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) *a new motion hearing*." (Emphasis added.) *Lindsay*, 239 Ill. 2d at 531. Without more, we

reject the State's underdeveloped argument and find a new hearing is required. Additionally, we note our prior order granting the agreed motion for summary remand explicitly remanded for "a new hearing on the motion," a fact which the State does not address.

¶ 22 While the trial court conducted a meaningful and thorough original sentencing hearing, it is undisputed defendant did not receive a meaningful hearing on remand. On the same day defendant filed his amended postplea motion, the court conducted a hearing. After defendant's counsel provided the status of the case, defendant, on the court's inquiry, confirmed counsel's summary was consistent with his understanding. The court then, without addressing the amended postplea motion, told defendant it had an independent recollection of him, his sentence, and the reasons he was sentenced and it was "not inclined to reduce the sentence." The court then confirmed with defendant his desire to appeal his sentence. The court later, after admonishing defendant as to his appeal rights, noted defendant's motion "to reduce the sentence" was denied. Given this record, we conclude defendant did not receive a meaningful hearing on remand, and, therefore, we again remand for new postplea proceedings in strict compliance with Rule 604(d).

¶ 23 While we need not reach defendant's argument concerning his counsel's Rule 604(d) certificate, we highlight the following: (1) despite counsel's averments that the case was remanded for clarification as to whether defendant intended to withdraw his guilty plea and that defendant only desired for his sentence to be reconsidered, counsel filed an amended postplea motion seeking to reduce defendant's sentence or, alternatively, withdraw his guilty plea; (2) despite counsel raising a new claim that the trial court either failed to consider or failed to sufficiently consider the letter from defendant's ex-wife, counsel did not attach the letter to the amended postplea motion or direct the court to the letter in the court file; and (3) counsel did not object to the court's failure to conduct a new hearing on the amended postplea motion, which could

have avoided the result in this appeal. With respect to the latter, we also note the result in this appeal could have been avoided by the State raising this issue.

¶ 24     We direct the trial court to appoint defendant new counsel to pursue the new postplea proceedings on remand. Because we are remanding for new postplea proceedings, we decline to address defendant's challenge to his sentence at this time, as the result of the proceedings on remand may render that challenge moot.

¶ 25                         III. CONCLUSION

¶ 26     For the reasons stated, we vacate the denial of defendant's amended postplea motion and remand with directions for the trial court to appoint defendant new counsel and then conduct new postplea proceedings in strict compliance with Rule 604(d).

¶ 27     Vacated; cause remanded with directions.