NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250635-U

NO. 4-25-0635

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 4, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Woodford County |
| BRETT A. GUTH, | ) | No. 18CF19 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael L. Stroh, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, holding that defendant forfeited his argument that the trial court erred by considering improper victim impact evidence.

¶ 2    Defendant, Brett A. Guth, appeals his convictions for being an armed habitual criminal (AHC), aggravated domestic battery, aggravated assault, unlawful interference with the reporting of domestic violence, and unauthorized possession of cannabis sativa plants. Defendant argues that we should reduce his 21-year prison sentence for AHC or, alternatively, vacate his sentence and remand the matter for resentencing because the sentencing court relied on incompetent evidence. Specifically, defendant argues the court improperly relied on a portion of the victim impact statement that was contradicted by the factual basis for his guilty plea. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4        In 2018, defendant was charged with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2018)), unlawful possession of a weapon by a felon (UPWF) (*id.* § 24-1.1(a)), aggravated assault (*id.* § 12-2(c)(1)), unlawful interference with the reporting of domestic violence (*id.* § 12-3.5), AHC (*id.* § 24-1.7(a)(1)), and unauthorized possession of cannabis sativa plants (720 ILCS 550/8(b) (West 2018)).

¶ 5        On January 7, 2020, defendant entered an open guilty plea to all six charges. As part of the factual basis for the plea, the State asserted that on the day of the incident, defendant's ex-wife reported to police officers that defendant grabbed her by the throat and face, causing her to choke and impeding her airway. Defendant then grabbed a pistol, put it against her head, and continued to yell at her. He then stated, " 'let's end this,' " put the gun into his mouth, and "acted like he was going to kill himself." Defendant's ex-wife tried to call 911, but defendant grabbed her phone and broke it. She then attempted to leave in her car, and defendant punched the car window and caused it to "splinter." The State also asserted that officers found cannabis sativa plants in defendant's basement and defendant had two prior felony convictions.

¶ 6        On February 11, 2020, a sentencing hearing was held. Defendant's ex-wife read a victim impact statement in which she stated, in relevant part:

> "[Defendant] followed me through our home with a gun and attempted to kill me by any means. He strangled me, he hit me, he threw things at me. He shoved a loaded Glock into my mouth. And if not for the grace of God I would not have escaped. Though the bruises have long since faded the emotional [e]ffects of that day will never go away."

She also stated: "[T]he sounds of a gun being cocked in my mouth that will never stop playing over in my head reminding me how close my children came to losing their mother that day."

¶ 7       During arguments, the State referenced the victim impact statement, asserting: "[Defendant] was walking around the house with a gun. He put a gun in that poor woman's mouth. This isn't a situation where he just threatened to use a gun. Oh, there's one in the safe. I'm going to go get it. He put a gun in her mouth."

¶ 8       The trial court stated it had considered the presentence investigation report, the evidence and arguments of the parties, and the victim impact statement. The court stated it would only consider the victim impact statement as it related to the impact defendant's conduct had on the victim and her children and would not consider portions of the statement concerning other individuals or incidents. The court found that no statutory mitigating factors applied. It found two statutory factors in aggravation applied: (1) defendant had a history of prior criminal activity and (2) a sentence was necessary to deter others from committing the same crime.

¶ 9       The trial court also discussed defendant's criminal history, including an incident that occurred while defendant was in custody in connection with the instant case. The court then stated:

> "Looking at the facts of this case, which is really one of the most important parts that a court is to do, because when a court considers a sentence the court is to consider the nature and circumstances of the offense. And in this case talking about the aggravated domestic battery charge *** the defendant pled guilty to choking or strangling the victim in this case. This defendant has pled guilty to threatening to harm the victim by holding a gun to her head or in her mouth as she testified—or as she stated in her victim impact statement. He did this after having been convicted of two prior forcible felonies in his past and not being allowed, pursuant to law, to be in possession of a weapon. The facts of this

particular case in this court's mind are quite bothersome. And, as the State has argued, makes a sentence in this case necessary to deter others from committing the same types of crimes."

¶ 10 The trial court sentenced defendant to concurrent terms of 21 years' imprisonment for AHC, 5 years' imprisonment for aggravated domestic battery, 5 years' imprisonment for UPWF, and 2 years' imprisonment for unlawful possession of cannabis sativa plants. The court also sentenced defendant to concurrent terms of 364 days in jail for aggravated assault and interfering with the reporting of domestic violence.

¶ 11 On March 12, 2020, defendant filed a motion to reconsider his sentence. The trial court denied the motion on January 21, 2021.

¶ 12 On appeal, we vacated defendant's conviction for UPWF, and we remanded the matter to the trial court for proper admonishments in accordance with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001) and the opportunity for defendant to file new postplea motions in accordance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Guth*, No. 4-21-0065 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 13 On remand, defendant filed a motion to withdraw his guilty plea and a motion to reconsider his sentence on May 23, 2022. On March 14, 2023, the trial court stated it was striking defendant's motion to reconsider his sentence on the basis it was barred by *res judicata*. The court denied defendant's motion to withdraw his guilty plea. Defendant appealed and argued the court erred by striking his motion to reconsider sentence. *People v. Guth*, 2023 IL App (4th) 230240-U, ¶ 13. We vacated the trial court's order striking the motion to reconsider sentence and remanded the matter for a new hearing on that motion. *Id.* ¶ 25.

¶ 14 On remand, defendant filed an amended motion to reconsider his sentence. The

motion alleged, *inter alia*, that the trial court improperly considered the portion of the victim impact statement in which the victim asserted that defendant placed a gun in her mouth, as nothing in the record supported the allegation that defendant placed a gun in the victim's mouth.

¶ 15　　　　On July 8, 2025, the trial court held a hearing on defendant's amended motion to reconsider sentence. The court denied the motion, finding the sentence was "commensurate with the facts and evidence that it heard during the sentencing hearing." This appeal followed.

¶ 16　　　　　　　　　　　　　　　II. ANALYSIS

¶ 17　　　　On appeal, defendant argues that the trial court erred by considering unreliable evidence during his sentencing hearing, such that a reduction in sentence or a new sentencing hearing is warranted. Specifically, defendant contends that the portion of the victim impact statement in which the victim asserted that defendant placed a gun in her mouth during the incident was contradicted by the factual basis for his guilty plea, which stated that defendant placed the gun to the victim's head and inside his own mouth. Defendant notes that other documents in the record, including the victim's application for an order of protection and police reports, also stated that defendant placed the gun in his mouth and did not indicate he placed the gun in the victim's mouth. On this basis, defendant contends that the challenged portion of the unsworn victim impact statement was unreliable evidence and the court's consideration of it was reversible error.

¶ 18　　　　"The trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). "The source and type of information that the sentencing court may consider is virtually without bounds." (Internal quotation marks omitted.) *People v. Maron*, 2019 IL App (2d) 170268, ¶ 63. However, "[t]he evidence considered by the sentencing body must be both relevant

and reliable [citations], the determination of which lies within the sound discretion of the trial judge." *People v. Morgan*, 112 Ill. 2d 111, 143 (1986). "When the trial court relies on an improper aggravating factor, resentencing is required unless it can be determined from the record that the weight placed on the improper factor was so insignificant that it did not lead to a greater sentence." *People v. Matute*, 2020 IL App (2d) 170786, ¶ 59.

¶ 19     Section 6(a) of the Rights of Crime Victims and Witnesses Act (Act) (725 ILCS 120/6(a) (West 2020)) provides that crime victims shall be allowed to present oral or written statements at sentencing in any case in which a defendant has been convicted of a violent crime and the court shall consider any victim impact statement presented, along with all other appropriate factors in sentencing the defendant. Section 9 of the Act (*id.* § 9) provides that "[n]othing in this Act shall create a basis for vacating a conviction or a ground for relief requested by the defendant in any criminal case." Similarly, section 8.1(e) of article I of the Illinois Constitution, which concerns crime victims' rights, provides: "Nothing in this Section or any law enacted under this Section shall be construed as creating (1) a basis for vacating a conviction or (2) a ground for any relief requested by the defendant." Ill. Const. 1970, art. I, § 8.1(e). However, our supreme court has held that if victim impact evidence is introduced that is so prejudicial that it renders the sentencing hearing fundamentally unfair, a defendant may obtain relief under the due process clause. *People v. Richardson*, 196 Ill. 2d 225, 233 (2001); see *People v. Raney*, 2014 IL App (4th) 130551, ¶ 46; *People v. Harth*, 339 Ill. App. 3d 712, 715 (2003).

¶ 20     Defendant emphasizes that he is not arguing that the victim should have been barred from making her victim impact statement, the statement should have been subject to cross-examination, or the inclusion of false statements in the victim impact statement was, on its

own, a basis for reversal. Defendant recognizes that such arguments are barred by the Act and the Illinois Constitution. He contends, however, that he is entitled to relief because "the incorrect information in the statement was incompetent evidence" and the trial court relied on it in determining his sentence.

¶ 21 The State argues that defendant forfeited this issue by failing to make a contemporaneous objection to the trial court's consideration of the allegedly improper victim impact evidence. Defendant responds that raising the issue in a motion to reconsider sentence was sufficient to preserve it for review. Defendant cites *People v. Heider*, 231 Ill. 2d 1, 18 (2008), for the proposition that the two fundamental principles underlying the forfeiture doctrine are (1) allowing the trial court to review a claim of sentencing error and (2) preventing a litigant from asserting a different objection on appeal than the one advanced below. Defendant further asserts that there is no forfeiture where the trial court clearly had the opportunity to review the same essential claim raised on appeal. See *id.* Defendant argues that the trial court in this case had the opportunity to address the same issue raised on appeal in the proceedings on his motion to reconsider his sentence and the issue is fully preserved for review.

¶ 22 Our supreme court has long held that "[i]n order to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Harvey*, 2018 IL 122325, ¶ 15; see *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Defendant fails to address this precedent in his brief and does not argue that any exception to the forfeiture rule applies. Accordingly, we find this issue forfeited due to defendant's failure to raise a contemporaneous objection at the sentencing hearing. See *Raney*, 2014 IL App (4th) 130551, ¶ 40 (holding that the defendant forfeited his argument that the trial court erred by admitting and considering his ex-wife's son's victim impact statement where the

defendant failed to raise a contemporaneous objection but included the issue in a postsentencing motion).

¶ 23        Even if we were to excuse defendant's forfeiture of this issue, he is precluded by the Act and the Illinois Constitution from obtaining appellate relief based on improprieties in the victim impact statement without establishing that the allegedly improper victim impact evidence was so prejudicial that it violated his right to due process by rendering the sentencing hearing fundamentally unfair. See Ill. Const. 1970, art. I, § 8.1(e); 725 ILCS 120/9 (West 2020); *Richardson*, 196 Ill. 2d at 233. Defendant does not attempt to make such a showing. Instead, he argues that the challenged evidence was unreliable and our analysis should proceed as though the trial court had considered an improper sentencing factor, such that "resentencing is required unless it can be determined from the record that the weight placed on the improper factor was so insignificant that it did not lead to a greater sentence." *Matute*, 2020 IL App (2d) 170786, ¶ 59.

¶ 24        Even assuming that the challenged victim impact evidence was improper, the record shows that the trial court's consideration of it neither rendered the sentencing hearing fundamentally unfair nor led to a greater sentence. While the court clearly considered the nature and circumstances of the offense to be a significant factor at sentencing, it is apparent from the court's comments that it ascribed very little weight to the discrepancy between the factual basis for the plea and the victim impact statement as to exactly where on the victim's body defendant placed the gun. In discussing the nature and circumstances of the offense, the court stated: "This defendant has pled guilty to threatening to harm the victim by holding a gun to her head or in her mouth as she testified—or as she stated in her victim impact statement." We interpret the court's comment as merely noting the evidence before it—that defendant had pleaded guilty to holding a gun to the victim's head, and the victim had indicated in her victim impact statement that he

placed it in her mouth. The court's comments did not indicate that it accepted one version of events over the other, found one version to be more egregious than the other, or found that one version warranted the imposition of a longer sentence than the other.

¶ 25                                    III. CONCLUSION

¶ 26        For the reasons stated, we affirm the trial court's judgment.

¶ 27        Affirmed.